No. 45,366

Samuel B. Whaley, *Appellant*, v. State of Kansas, *Appellee.*

(446 P. 2d 397)

Opinion filed November 9, 1968.

*Charles D. Anderson,* of Wichita, argued the cause, and was on the brief for the appellant.

*James Z. Hernandez,* deputy county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an appeal from orders denying appellant's motion to vacate sentence and motion for rehearing, both seeking post-conviction relief, pursuant to K. S. A. 60-1507. Although counsel was appointed and presented appellant's motions in the district court, no evidence was adduced, and the motions were overruled.

Appellant complains the district court erroneously denied him a full evidentiary hearing and also his request to be present at such a hearing. The principal ground of appellant's motion upon which he contends he was entitled to have his sentence vacated is that his plea of guilty to the offense of robbery in the first degree was involuntary and coerced because (1) of an alleged illegal confession and (2) the possibility the county attorney would seek to invoke the provisions of the habitual criminal act. The inadequacy of these assertions to justify the setting aside of an otherwise voluntary plea of guilty under analogous facts was fully discussed in *Stiles v. State,*

201 Kan. 387, 440 P. 2d 592, and *Perry v. State,* 200 Kan. 690, 438 P. 2d 83, and our holdings in those cases are controlling here. Such allegations raised no substantial issue of fact as to events in which the appellant participated; therefore, a full evidentiary hearing was not required. (Rule No. 121 [*h*], 197 Kan. lxxv.)

As a part of his argument on appeal, the appellant urges that the manner in which the county attorney "administered" K. S. A. 21-107a constituted a denial of appellant's constitutional rights not to plead guilty and demand a jury trial. On the morning of trial, and prior to appellant's plea of guilty, the county attorney served a notice in writing on the appellant and his counsel that the state reserved the right to invoke the habitual criminal act in the event of conviction. Although an enhanced sentence was not imposed, appellant argues that because the possibility existed that the county attorney would seek to invoke the provisions of the act he was "discouraged" from insisting on a jury trial. Appellant attempts to sustain his position by relying on *United States v. Jackson* 390 U. S. 570, 20 L. Ed. 2d 138, 88 S. Ct. 1209, wherein the Supreme Court held the death penalty provision of the Federal Kidnapping Act to be unconstitutional because it imposed an impermissible burden upon the accused's exercise of his fifth amendment right not to plead guilty and his sixth amendment right to demand a jury trial. The argument is not convincing. Unlike the penalty provision in the federal kidnapping statute, the penalty under Kansas statute for the offense of robbery in the first degree is the same whether the accused pleads guilty or is tried and found guilty by a jury. Under either alternative, the provisions of the habitual criminal act may be invoked if the accused's prior record justifies the same. The choice of pleading guilty or standing trial is for the accused. In exercising that choice, he may well take into consideration the possibility of an enhanced sentence, but that possibility alone does not, in our view, cast upon the accused an impermissible burden of the magnitude referred to in *Jackson.* Here, the appellant, after consulting with his counsel, chose to plead guilty as an alternative to trial. We find nothing in the record indicating that appellant's rights not to plead guilty and demand a jury trial were impaired in any way, nor is there anything amounting to coercion which would vitiate his plea of guilty. (*Stiles v. State,* supra; *Fields v. State,* 195 Kan. 718, 408 P. 2d 674.)

The judgment is affirmed.