No. 45,561

STATE OF KANSAS, *Appellee,* v. MICHAEL E. KELLY, *Appellant.*

(466 P. 2d 350)

Opinion filed March 7, 1970.

*Frederick L. Haag,* of Wichita, argued the cause and was on the brief for the appellant.

*Keith Sanborn,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Reese C. Jones,* deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is a direct criminal appeal from sentences imposed upon guilty pleas.

On August 2, 1968, in case No. CR 5076 in the district court of Sedgwick county, Kansas, appellant Michael E. Kelly, while represented by experienced retained counsel, pleaded guilty to two offenses allegedly committed April 4, 1968, namely, robbery in the first degree (robbery of Angee's Pizza Royal) and possession of a pistol after conviction of grand larceny and possession of marijuana.

Upon these pleas appellant was sentenced to the statutory terms of not less than ten nor more than twenty-one years for the robbery and not less than one year nor more than five years for the pistol charge, such sentences to run concurrently with each other. At the same time appellant pleaded guilty to other offenses and received sentences which are the subject of the appeal in *State v. Kelly,* 204 Kan. 717, 466 P. 2d 351.

Thereafter appellant appealed *pro se* and present counsel was appointed to represent him.

Appellant's sole contention upon appeal is that his pleas of guilty were coerced.

Appellant has included in his abstract a letter he wrote to his present counsel more than ten months after he was sentenced. In it appellant stated his pleas of guilty were coerced because the day before he was to be sentenced he was told by the county attorney in the absence of his retained lawyer that if he did not plead guilty to the two offenses charged he would be tried before a jury and the habitual criminal act would be invoked against him, and further, that the next day in court he and his lawyer were served with notice of the habitual criminal act. This letter comprises appellant's only basis here for his assertion of coercion.

The record of the proceedings reveals this question appellant now attempts to raise was never presented to the trial court. With exceptions not here material, an appellate court will not consider questions not presented to the trial court. (*State v. Baker*, 78 Kan. 663, 97 Pac. 785; *State v. Arlis Blair*, 197 Kan. 691, 421 P. 2d 22; *State v. Blair*, 197 Kan. 693, 421 P. 2d 32).

A letter to one's lawyer alleging facts outside a record of trial presents nothing for an appellate court to review. Appellate review of a conviction based upon a plea of guilty is confined to irregularities disclosed by the record and going to jurisdiction or legality of the proceedings.

Examination of the proceedings before the trial court reveals that after pleading guilty to each offense charged, appellant in response to careful questioning by the court, stated he was pleading guilty to each offense because he was guilty, and further expressly acknowledged he robbed Angee's Pizza Royal and that at the time he had an automatic pistol in his possession after having been convicted of a felony. Upon allocution appellant stated he knew of no reason why he should not be sentenced. Under these circumstances the trial court properly sentenced appellant upon his pleas of guilty (*Whaley v. State*, 202 Kan. 175, 446 P. 2d 397; *Mathues v. State*, 204 Kan. 204, 460 P. 2d 545; *Griffin v. State*, 204 Kan. 340, 461 P. 2d 814).

No irregularities appear and the judgment and sentences appealed from are affirmed.

APPROVED BY THE COURT.