No. 45,562

State of Kansas, *Appellee*, v. Michael E. Kelly, *Appellant.*

(466 P. 2d 351)

Opinion filed March 7, 1970.

*Frederick L. Haag,* of Wichita, argued the cause and was on the brief for appellant.

*Keith Sanborn,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Reese C. Jones,* deputy county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is a direct appeal from a judgment and sentence entered on the defendant's pleas of guilty.

On June 18, 1968, an information was filed in the district court of Sedgwick County, charging the defendant in counts one and three with robbery in the first degree (of Western Auto Store No. 3, and of LaCount's Market), contrary to the provisions of K. S. A. 21-527, and in counts two and four with unlawful possession of a pistol after conviction of grand larceny and possession of marijuana, contrary to the provisions of K. S. A. 21-2611.

On August 2, 1968, the defendant, with retained counsel present, freely and voluntarily entered pleas of guilty to each count contained in the information.

Upon allocution, the defendant expressly admitted committing each of the crimes with which he was charged, and stated he knew of no reason why he should not be sentenced. Thereupon, sentences were imposed for a period of not less than ten years, nor more than 21 years on each of the counts one and three, and for a period of not less than one year nor more than five years on each of the counts two and four, the sentences to run concurrently.

Notice of appeal was filed by the defendant *pro se,* setting forth one claim for relief. His contention is supported solely by a letter written to his present counsel after his sentence and incarceration in the Kansas State Penitentiary, in which he states his pleas of guilty were coerced for the reason he was informed by the county attorney that if he did not plead guilty, he would be tried by a jury, and, if found guilty, he would be sentenced under the provisions of the Habitual Criminal Act.

The record discloses no evidence the defendant presented such a complaint to the district court when questioned upon the voluntariness of his pleas of guilty, or during the allocution, or that he moved the court to permit withdrawal of his pleas of guilty, or for other relief.

In disposing of this appeal, we adhere to the rule set forth in *State v. Kelly,* 204 Kan. 715, 466 P. 2d 350, that an appellate court will not consider questions not presented to the district court. In the opinion it was said:

"A letter to one's lawyer alleging facts outside a record of trial presents nothing for an appellate court to review. Appellate review of a conviction based upon a plea of guilty is confined to irregularities disclosed by the record and going to jurisdiction or legality of the proceedings." (l. c. 716.)

The record discloses the district court carefully interrogated the defendant concerning the voluntary character of his pleas of guilty, and was warranted in accepting the pleas entered by the defendant without objection. Under the circumstances, the defendant was properly sentenced. (See *State v. Kelly,* supra, and cases cited.)

No error appearing, the judgment is affirmed.