No. 46,267

THOMAS GILBERT WEIGEL, *Appellant*, v. THE STATE OF KANSAS,
*Appellee.*

(485 P. 2d 1347)

Opinion filed
June 12, 1971.

*F. F. Wasinger,* of Hays, argued the cause and was on the brief for the
appellant.

*Don C. Staab,* Assistant County Attorney, argued the cause, and *Vern
Miller,* Attorney General, and *Simon Roth, Jr.,* County Attorney, were with
him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: On March 1, 1967, the plaintiff, Thomas Gilbert
Weigel, accompanied by appointed counsel, entered his plea of
guilty to second-degree burglary after the state had first dismissed
a charge of grand larceny. On his plea of guilty the trial court
sentenced Weigel to the Kansas State Penitentiary for a term of
not less than five nor more than ten years, and at the same time
revoked his probation on a previous burglary conviction. The
sentences were ordered to run concurrently.

The present action is brought under K. S. A. 60-1507. It attacks
the sentence pronounced on March 1, 1967, on the premise that
Weigel's plea was not voluntarily entered. The trial court found
it unnecessary to appoint counsel or to hold an evidentiary hearing,
and overruled Weigel's motion on the ground that the records
conclusively showed he was entitled to no relief. The present
appeal followed.

For reasons hereinafter stated we conclude the trial court was
correct in its judgment.

The primary issue for us to decide is whether an evidentiary
hearing should have been held, with Weigel being present in per-
son and represented by counsel. The answer to this question de-
pends on the basis of Weigel's asserted claim that his plea was
involuntary.

A careful examination of Mr. Weigel's motion leads to the con-

clusion that his plea was motivated not by coercion but by a desire, which we presume was not unnatural, to avoid being sentenced under the Habitual Criminal Act. (K. S. A. 21-107a.) The sum and substance of the allegations set out in his motion is that he was informed the county attorney would seek to invoke the provisions of the Act in the event he was tried and found guilty.

The proceedings which transpired when Weigel was arraigned and entered his plea of guilty clearly show, through the medium of his own statements, that he had conferred fully with his lawyer; that he was aware of the nature of the offense, the laws which pertained thereto, and the possible penalties which could be imposed under Kansas statutes; and that he desired to plead guilty to the charge of second-degree burglary then pending against him.

It appears obvious that discussions concerning the entry of a guilty plea by Mr. Weigel had occurred between his own counsel and counsel for the state. It is equally obvious that those discussions culminated in these results: (1) The plaintiff's plea of guilty to burglary as charged in the information; (2) the state's dismissal of the larceny charge; and (3) the state's forbearance from invoking the Habitual Criminal Act.

There is nothing pernicious *per se* in what has sometimes been termed "plea bargaining." A person accused of crime should be made aware of the alternatives with which he is faced so far as sentences are concerned. Among the obligations which defense counsel owes his client is that of advising him as to the range of permissible penalties to which he may be subject in the event of a conviction, and to discuss with him very frankly the possible choices which lie before him. (*Fields v. State*, 195 Kan. 718, 720, 408 P. 2d 674; *Addington v. State*, 198 Kan. 228, 236, 424 P. 2d 871.)

In *State v. Byrd*, 203 Kan. 45, 453 P. 2d 22, this court, speaking through Mr. Justice Fromme, explored the subject of plea discussions in some depth and accorded recognition to its proper place in the sensitive area of criminal justice. Nothing would be gained at this time by repeating what was said in the *Byrd* opinion.

In the present case counsel was appointed to represent Weigel at his preliminary examination. At his arraignment Mr. Weigel requested reappointment of the same individual, a practicing attorney to whom the trial court referred as experienced and competent. It is clear from the dialogue which occurred throughout the arraignment proceedings that counsel had fully explained to

his client the provisions of the statute under which the charge was drawn, and the possible penalties for its violation. Weigel himself acknowledged there was nothing further about which he wanted to confer with his attorney.

The plaintiff does not deny the fact that at the time of entering his guilty plea he received important and substantial concessions redounding to his benefit. That those benefits resulted from the plea discussions concerning which the plaintiff had full knowledge, cannot well be doubted.

We view the record as disclosing no more than that Mr. Weigel, after consulting his counsel and being aware of the possible penalties, chose to plead guilty rather than proceed to trial. His exercise of that choice brought him advantages of consequence. We find nothing to indicate that his right to plead not guilty and stand trial before a jury was in any way infringed. (*Whaley v. State*, 202 Kan. 175, 446 P. 2d 397.)

Other grounds alleged as vitiating Weigel's plea of guilty are frivolous and merit no discussion.

The judgment is affirmed.