No. 46,500

STATE OF KANSAS, *Appellee*, v. DELBERT WILSON CALDWELL, *Appellant*.

(493 P. 2d 235)

Opinion filed January 22, 1972.

*Tom Boone,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *John A. Price,* special prosecutor, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Appellant pleaded guilty to the offense of robbery in the first degree (K. S. A. 21-527) and received the statutory sentence (K. S. A. 21-530), from which judgment he now appeals. Prosecution was commenced under our former criminal procedural code and appellant has elected to be proceeded against under that code, as permitted by K. S. A. 1971 Supp. 22-4602.

Notice of intention to impose the habitual criminal act upon conviction was served on appellant prior to the time he withdrew a previous plea of not guilty and entered his plea of guilty.

Appellant's sole contention upon appeal is:

"It was improper for the court to accept appellant's plea of guilty as he was coerced by the State of Kansas into entering his plea of guilty by the appellee filing its notice that if the appellant was convicted that the appellee would ask that appellant be sentenced under the provisions of K. S. A. 21-107a."

Present counsel represented appellant at the time he pleaded guilty and was sentenced. Although the record of the proceedings at which appellant's plea was entered is silent on the matter, his counsel concedes there was plea discussion resulting in a plea agreement and appellant got exactly what he bargained for, that is, the habitual criminal act was not invoked and the sentence imposed was made to run concurrently with another sentence he was then serving. Disposition of the appeal is governed by *State v. Byrd*, 203 Kan. 45, 453 P. 2d 22, in which we held:

"A guilty plea induced by a prosecuting attorney's promise not to invoke the Habitual Criminal Act (K. S. A. 21-107a) is not rendered involuntary for that reason alone. To render such a plea involuntary the discussion and circumstances leading to the guilty plea must be of a nature to deprive the plea of a voluntary character." (Syl. ¶ 1.)

In *State v. Kelly*, 204 Kan. 715, 466 P. 2d 350, we stated:

"Appellate review of a conviction based upon a plea of guilty is confined to irregularities disclosed by the record and going to jurisdiction or legality of the proceedings." (Syl. ¶ 2.)

See also No. 46,056, *State v. Williams*, 208 Kan. 480, P. 2d 493, 258, this day decided.

The record on appeal discloses no irregularity or illegality in the proceedings and nothing going to jurisdiction of the court. It contains no indication of coercion. To the contrary it reveals that after pleading guilty, appellant stated in response to questioning by the court he understood the charge and the statutory penalty, he was entering the plea of guilty because he believed he was guilty as charged, he had robbed the James Liquor Store on the particular date charged, he was entering the plea of guilty freely and voluntarily on his part, he understood his right to a jury trial and the fact a jury panel was then present in court but desired to waive trial by jury, he had talked the case over with his attorney with whose services he was satisfied, and he wanted the court to accept his plea

of guilty. Upon allocution he offered nothing in abatement of sentencing.

It affirmatively appears appellant entered his plea of guilty voluntarily and intelligently and the sentence imposed thereon must be upheld. Beyond this, however, and as a salutary aid in determining whether a plea of guilty is voluntarily and intelligently made, we know of no reason why plea discussion resulting in a plea agreement should not be disclosed to the trial court by the parties, or why the fact should not be elicited by that court, where it exists.

In *State v. Byrd*, supra, we recognized the propriety of plea discussion and plea agreement and that the interest of the public in the effective administration of criminal justice will be served if proper guidelines are followed. We enumerated guidelines and held:

"Plea discussions are proper if carried on in compliance with the guidelines set forth in this opinion, provided the plea agreement resulting from the discussions is consistent with the fair and effective administration of criminal justice." (Syl. ¶ 2.)

In *Byrd* we noted that in February, 1967, standards relating to the practice of negotiating pleas of guilty had been recommended by the Advisory Committee on the Criminal Trial to the American Bar Association Project on Minimum Standards for Criminal Justice. Those standards have now received ABA approval (Standards Relating to Pleas of Guilty, Approved Draft, 1968), they appear fair, just and workable and we add our stamp of approval to them.

Standards 1.5 and 3.3 (*b*) of the Approved Draft contemplate disclosure to the court of the fact of a negotiated plea. Where plea discussion has resulted in a plea agreement, we believe bringing the matter into the open at the time the plea is entered will go far in producing a determination acceptable to all that the plea was voluntarily and intelligently made. Disclosure in open court will provide additional assurance that proper safeguards have been observed once a plea of guilty has been accepted and, at the same time, tend to dispel much of the sinister aspect heretofore attached to the practice by reason of its cloak of secrecy. We commend such disclosure.

The judgment is affirmed.

APPROVED BY THE COURT.