No. 46,788

Isaiah Carter Rhone, Jr., *Appellant,* v. State of Kansas, *Appellee.*

(505 P. 2d 673)

Opinion filed January 20, 1973.

*Fred A. Beaty,* of Beaty, Hodge & Wood, of Wichita, was on the brief for the appellant.

*Vern Miller,* attorney general, *Keith Sanborn,* county attorney, and *R. K. Hollingsworth,* deputy county attorney, were on the brief for the appellee.

*Per Curiam:* This is a proceeding instituted pursuant to K. S. A. 60-1507. The District Court of Sedgwick County, Kansas denied a motion to vacate the sentences imposed against the appellant. Appeal has been duly perfected.

The pertinent facts are briefly summarized.

On December 23, 1969, appellant was arrested and charged in Sedgwick County with two counts of first degree robbery, two counts of felonious possession of a pistol, and one count of third degree burglary and larceny. Shortly after his arrest he retained Richard Hilton as his attorney. On February 22, 1970, appellant escaped from the Sedgwick County jail and was apprehended on February 26th. He was charged with escape and resisting arrest. Following a preliminary hearing on the charges he was bound over to the district court for trial. Prior to appellant's arraignment, he was served with notice of intention to invoke the habitual criminal statute, K. S. A. 21-107a.

On April 2, 1970, with his retained counsel present, appellant was arraigned in the Fourth Division of the Sedgwick County Court in Case No. CR6383, on charges of first degree robbery and felonious possession of a pistol, and in Case No. CR6404 on charges of first degree burglary, larceny and felonious possession of a pistol. In each case the court inquired whether appellant was fully aware of the charges lodged against him, and he replied, "Yes." The court proceeded in detail to inform appellant of the exact nature of each charge, and then inquired of him whether: (1) He had discussed the charges with his attorney; (2) He was deciding to plead guilty

because he was guilty; (3) He was pleading guilty of his own volition and not because of any threats or promises.

Appellant answered each inquiry in the affirmative and entered a plea of guilty to each charge. He then reiterated that he was pleading guilty because he was guilty. At allocution appellant stated that there was no reason why sentence should not be pronounced. The state introduced evidence of appellant's prior convictions for the purpose of enhancing the sentences on the robbery convictions. The court then sentenced appellant to serve from 20 to 42 years on each robbery count, and from 1 to 5 years for possession of a pistol, and from 1 to 5 years on the burglary count, each to run concurrently.

On April 7, 1970, appellant was arraigned in Division Two of the District Court of Sedgwick County in Case No. CR6536 for escaping jail and resisting arrest. He was present with his attorney. He again waived trial by jury and entered his plea of guilty to the crimes charged. The court inquired of him whether: (1) He was pleading guilty because he was guilty; (2) He did in fact escape and resist arrest; (3) He was pleading guilty of his own volition. Appellant answered each inquiry in the affirmative. At allocution he stated that there was no legal reason why sentence should not be pronounced. The court sentenced appellant to serve from 1 to 5 years in the state penitentiary on each count, and upon the state's request, each was ordered to run concurrently with the other sentences previously imposed as above related. Appellant was confined to the Kansas State Penitentiary on May 1, 1970.

On June 26, 1971, fourteen months after he entered his pleas of guilty and was sentenced, appellant wrote a letter to the sentencing court which was filed in Case No. 6536, in which he stated that he had been informed prior to the arraignment of the state's intention to request the imposition of the habitual criminal act; that his attorney explained the effect which the enhancement would have upon his sentence in the event he was convicted, and after several discussions with his attorney about the possible alternative sentences, he elected to plead guilty and accept the sentence of from 20 to 42 years.

Thereafter, on September 10, 1971, appellant filed his motion pursuant to K. S. A. 60-1507 requesting that his guilty pleas in Cases CR 6536 and CR 6404 be withdrawn so that he might enter pleas of not guilty and go to trial on the charges. He does not

question the pleas of guilty in Case CR 6383 in which he entered pleas of guilty to first degree robbery and felonious possession of a pistol, and on which he is now serving two concurrent terms of from 20 to 42 years.

The district court, after reviewing the record, summarily denied appellant's motion. This appeal followed.

In the court below appellant relied upon three claims to support the post-conviction relief sought. One claim was that he was denied counsel at a lineup. The second claim was that he was denied counsel during an interrogation. Both of these claims relate to irregularities which could only have occurred in proceedings prior to appellant's pleas of guilty. It has been consistently held that when a person accused of crime enters a plea of guilty on arraignment, he is deemed to have waived irregularities which may have occurred in the proceedings prior thereto (*State v. Kilpatrick*, 201 Kan. 6, 14, 439 P. 2d 99; *Perry v. State*, 200 Kan. 690, 693, 438 P. 2d 83; *Stiles v. State*, 201 Kan. 387, 389, 440 P. 2d 592; *State v. Talbert*, 195 Kan. 149, 402 P. 2d 810, cert. den. 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143).

This brings us to the final claim of error, that the trial court erred in summarily concluding that appellant's guilty pleas were knowingly and voluntarily entered.

If there is no substantial issue of fact or question of law raised by appellant's motion the trial court is not required to appoint counsel or hold an evidentiary hearing. (*Wood v. State*, 206 Kan. 540, 479 P. 2d 889.) When the movant alleges facts outside the original record which, if true, would entitle him to relief and when he lists witnesses who may be called to verify those facts then and only then is he entitled to an evidentiary hearing on his motion. (*Floyd v. State*, 208 Kan. 874, 495 P. 2d 92.)

In the instant case appellant alleged that his pleas of guilty were not knowingly and voluntarily entered because he misunderstood the sentences he was to receive. The record shows otherwise.

The appellant was represented by competent counsel of his own choice at all stages of proceedings, including the preliminary hearing, arraignment and allocution. Prior to each of appellant's pleas, he stated that he understood the charges filed against him, decided to waive a jury trial, discussed the cases with his counsel, decided to plead guilty of his own volition and not because of any threats or promises.

In his letter to the court on June 26, 1971, prior to filing the present motion, he stated that he had been informed of the sentencing alternatives available and that he voluntarily chose to accept from 20 to 42 years with all other sentences running concurrently on pleas of guilty.

The record conclusively indicates that the appellant's pleas of guilty were voluntarily and understandingly made, and that appellant was diligently represented by competent counsel at all stages of the proceedings. He received the exact sentences which his attorney had informed him he would receive if he pled guilty.

The appellant's grounds set forth in his motion are without merit and the district court properly denied the relief sought without an evidentiary hearing.

In view of what has been said, judgment of the trial court is affirmed.