No. 47,410

WILLIE ISAAC ROBINSON, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(542 P. 2d 305)

Opinion filed November 8, 1975.

*Michael D. Wilson*, of Alkire, Clausing, Coldsnow and Wilkinson, of Wichita, argued the cause and was on the brief for appellant.

*Robert L. Kennedy, Jr.*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Keith Sanborn*, district attorney, *Stephen M. Joseph*, assistant district attorney, and *R. K. Hollingsworth* and *Cliff Bertholf*, of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from an order denying appellant relief on a motion pursuant to K. S. A. 60-1507.

Appellant was charged with multiple counts of burglary and larceny committed during the first three months of 1970. Three informations were filed on January 21, April 17, and June 11, 1970. On July 17, 1970, the three cases were consolidated by order of the district court. On July 20, 1970, appellant appeared with retained counsel before the district court and entered his pleas of guilty. Following a rather lengthy colloquy between the court, the appellant and his counsel, the court accepted the guilty pleas and sentenced appellant to serve a term of years in the Kansas State Penitentiary.

On July 7, 1971, the appellant filed a motion pursuant to K. S. A. 60-1507 to vacate the sentence and alleged one ground for relief: "that he did not knowingly or intelligently make an (sic) voluntary plea of guilty. . . ." The district court granted no evidentiary hearing and summarily dismissed the motion by an order making findings of fact and conclusions of law to the effect the motion and the files and records of the case conclusively showed the appellant was entitled to no relief. The appellant duly perfected this appeal, and on April 5, 1972, counsel was appointed to represent him.

The parties stipulated the statement of points to be relied upon were that the district court erred in (1) not granting appellant an evidentiary hearing and (2) not appointing counsel during the pendency of the hearing.

The appellant's contention the district court erred in not granting an evidentiary hearing is not well taken. A district court need not grant an evidentiary hearing on a 60-1507 motion unless the claim for relief raises substantial questions of fact or law. *Rhone v. State,* 211 Kan. 206, 505 P. 2d 673; *State v. Burnett,* 194 Kan. 645, 400 P. 2d 971. Petitioner in a 60-1507 motion has the burden of establishing his grounds for relief. Supreme Court Rule 121 (*g*). This burden is never sustained by unsupported and uncorroborated statements of petitioner. *Webb v. State,* 195 Kan. 728, 408 P. 2d 662. Allegations in the form of unsupported conclusions are insufficient to present a justiciable issue under K. S. A. 60-1507. *Potts v. State,* 214 Kan. 369, 520 P. 2d 1259.

The facts alleged by the appellant in his memorandum in support of the 60-1507 motion do not support the ground for relief—

that his pleas of guilty were not voluntarily made. The fact that his pleas of guilty were the result of plea bargaining with some charges being dropped and others being amended to charge a lesser offense lends no support to his claim. Plea bargaining is sanctioned by this court. The fact of plea bargaining does not render a plea involuntary. A guilty plea as part of a plea bargain is not *per se* grounds for vacation of the sentence. *Burns v. State,* 215 Kan. 497, 524 P. 2d 737; *Weigel v. State,* 207 Kan. 614, 485 P. 2d 1347; *State v. Byrd,* 203 Kan. 45, 453 P. 2d 22.

Appellant's allegation that his charges were the result of "clearing the police books" is likewise without merit. Each information set out in detail the crimes for which appellant was charged. The state may charge appellant with all crimes he has committed. In the colloquy between the district judge and appellant at the time his guilty pleas were entered, appellant related how he had committed each crime charged. Once a guilty plea is entered, there is no need to offer evidence to sustain the conviction. *McCarther v. State,* 211 Kan. 152, 505 P. 2d 773; *Hughes v. State,* 206 Kan. 515, 479 P. 2d 850.

The remainder of the facts stated in the memorandum in support of the motion may be dismissed as unsupported and uncorroborated allegations. The appellant made bald accusations but gave no supporting details or supporting witnesses. Nothing beyond an accusation was offered to show that his attorney forced him to plead guilty or that the prosecuting attorney threatened him. The appellant's other accusations are vague at best; they lack the requisite detail, specificity and corroboration to raise a substantial issue mandating an evidentiary hearing.

In examining the files and records of the case to ascertain whether the pleas of guilty were properly made, the district court would be guided by K. S. A. 22-3210. The effective date of the Code of Criminal Procedure including K. S. A. 22-3210 was July 1, 1970. The proceeding against appellant was commenced before that date. His pleas were entered after that date, on July 20, 1970. The entry of appellant's guilty pleas on July 20, 1970, is governed by K. S. A. 22-3210. See *State v. Ralls,* 213 Kan. 249, 515 P. 2d 1205. K. S. A. 22-4602 provides that the trial of any prosecution commenced prior to July 1, 1970, and proceedings incident thereto shall be governed by the Code of Criminal Procedure *unless* the defendant elects to be proceeded against under the law in force at the time the prose-

cution was commenced. Defendant is to make his election in open court or by writing at or prior to commencement of the trial. In the case at bar, the appellant made no election to proceed under the old law, and we conclude the provisions of K. S. A. 22-3210 apply.

K. S. A. 22-3210 gives specific and detailed direction to the district court for accepting guilty pleas. Essentially, the statute's objectives are to insure the plea is made voluntarily and with an understanding of the nature of the charges and the consequences of the plea, to insure there is a factual basis for the plea and to insure a complete record of the proceedings. This court also uses the statute as a measure in reviewing the propriety of the district court's actions in ruling on a 60-1507 charge that the plea was made involuntarily.

K. S. A. 22-3210 provides a plea of guilty may be accepted when the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea, when the court has addressed the defendant personally and determined that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea, and when the court is satisfied there is a factual basis for the plea. The statute further provides the defendant must appear and plead personally, that a record of all proceedings at the plea and entry of judgment thereon must be made and that a transcript thereof must be prepared and filed with the other papers in the case.

The transcript of the proceedings when the guilty pleas were made and accepted indicates all requirements of K. S. A. 22-3210, including those challenged by appellant, were complied with by the district court. The district court went to great lengths in questioning the appellant to insure he understood the nature of the charges against him. The court explained each charge and determined that the appellant had discussed them with his attorney. In response to the court's question, the appellant answered he had no questions about the nature of the charges—what he was charged with or what the charges meant. The appellant expressed a knowing waiver of his right to trial by a jury. The court informed the appellant of the consequences of his pleas and the maximum penalty which would be imposed as a result of the pleas. In response to the court's questions, appellant stated he was pleading guilty because he was guilty, that no threats or promises had been made to induce the pleas and that he had no complaints about his attorney.

Finally, to satisfy itself there was a factual basis for the pleas, the court had appellant relate in his own words how he committed each offense charged. In this connection, we have attached as Appendix A the record of proceedings had in the district court on July 20, 1970, when the appellant entered his pleas of guilty.

In one of this court's early considerations of an appeal from denial of a 60-1507 motion, it said that when the files and records of the case conclusively show the movant is entitled to no relief, the district court may dispense with an evidentiary hearing and determine the issues presented in a more summary manner. *State v. Burnett,* 194 Kan. 645, 647, 400 P. 2d 971. That statement is equally applicable to the case at bar. Based upon the record before us, we conclude the district court did not err in denying the appellant an evidentiary hearing.

The conclusion just announced dispenses with the necessity of considering the appellant's second point—that counsel should have been appointed to represent him with respect to his 60-1507 motion. It is only when a district court determines a 60-1507 motion presents substantial questions of law or triable issues of fact that it appoints counsel to assist an indigent petitioner. See Supreme Court Rule 121 (*i*); *Rhone v. State,* 211 Kan. 206, 208, 505 P. 2d 673.

We conclude the district court did not err in any respect in disposing of the appellant's 60-1507 motion, and the judgment is affirmed.

MILLER, J., not participating.

## APPENDIX A

### TRANSCRIPT OF GUILTY PLEAS

BE IT REMEMBERED, that on this 20th day of July, 1970, the same being a regular judicial day of the District Court in and for the County of Sedgwick, State of Kansas, the above-entitled cause comes on for hearing before the Honorable Robert T. Stephan, Judge of said court, and the following proceedings were had and entered of record:

THE COURT: Which case?

MR. HERNANDEZ: If the Court please, there are three cases. The three cases are: CR 6461, CR 6587 and CR 6702. All offenses are second degree burglary and larceny. All three cases have been consolidated by Judge Howard Kline for trial. At this time the parties appear before the Court, as I understand, Mr. Hilton, counsel for the defendant, for disposition, Your Honor.

MR. HILTON: That's right, Your Honor. It's for a plea. There are some amendments, however, I believe.

MR. HERNANDEZ: That's true.

THE COURT: Well, just—Is this under the old Code?

MR. HILTON: Yes, the old Code.

MR. HERNANDEZ: The old Code. Your Honor.

THE COURT: Well, just a minute. Now, for the record, are you Willie I. Robinson?

DEFENDANT ROBINSON: Yes.

THE COURT: Are you also known as Willie I. Robertson, R-O-B-E-R-T-S-O-N?

DEFENDANT ROBINSON: Yes.

THE COURT: And is this your correct name?

DEFENDANT ROBINSON: Yes.

THE COURT: Now, there are some amendments?

MR. HERNANDEZ: Under CR 6461 the defendant is charged with two counts—I'm sorry—with one count of burglary and larceny.

Under CR 6587 the defendant there is charged with two counts of burglary and larceny. At this time the State moves to dismiss Count Two of its Information filed therein, and there in effect leaving one count of burglary and larceny on the second degree.

Under CR 6702 the defendant is charged with the offense of second degree burglary and larceny. At this time the State will amend its Information, will move to amend its Information by striking all words and allegations alleging—the words of second degree burglary and larceny, and inserting therein words and allegations alleging the offense of buying or receiving stolen property over the amount of $50.00, Your Honor.

THE COURT: Do you have any objections to the amendment, Mr. Hilton?

MR. HILTON: No objection, Your Honor.

THE COURT: Do you have any objections, Mr. Robinson?

DEFENDANT ROBINSON: No, sir.

THE COURT: Very well.

MR. HILTON: You will have to speak so this lady can hear you.

THE COURT: The amendment will be allowed. Will defendant waive formal arraignment?

MR. HILTON: We will waive formal arraignment. We have now already waived jury also.

THE COURT: And you also wish to waive jury trial?

MR. HILTON: Yes, Your Honor. It is my understanding we wish to enter a plea of guilty as charged.

THE COURT: Mr. Robinson, although you have through your attorney waived the formal reading of the Information filed by the State, the Court will inform you that in Case No. CR 6461 you are charged with burglary and larceny of the place called the 904 Club located at 904 East 15th in Wichita, Kansas. You are charged with taking beer and cigarettes. You understand that, sir?

DEFENDANT ROBINSON: Yes.

THE COURT: In Case No. CR 6587, at this time you are charged with second degree burglary and larceny of the dwelling house of one George N. Tankson located at 521 North Indiana, Apartment 3, Wichita, Kansas, and with taking a Stereophonic tape player over the value of $50.00. You understand that, sir?

DEFENDANT ROBINSON: Yes.

THE COURT: You understand that Count Two in regard to the dwelling house of one LeRoy Barber and the larceny therein has been dismissed and you are no longer charged with that?

DEFENDANT ROBINSON: Yes.

THE COURT: That in Case No. CR 6702 you were originally charged with second degree burglary and larceny, contrary to the statutes of the State, but that has been amended and you are no longer charged with that crime in that particular case; you are charged with buying and receiving stolen property over the value of $50.00. You understand that, sir?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: Now, have you discussed these charges with your attorney?

DEFENDANT ROBINSON: Yes.

THE COURT: And after the discussion are you fully aware of what you are charged with?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: Do you have any questions at all concerning the nature of the charges pending against you?

DEFENDANT ROBINSON: Well, yes, sir, do I have a question to ask about them?

THE COURT: Yes, sir. Do you have any questions about these charges?

DEFENDANT ROBINSON: Only thing, that I'm sorry it happened. I wish I hadn't did it.

THE COURT: But you don't have any question after talking with your attorney about what the nature of—what the charges mean and what you are charged with?

DEFENDANT ROBINSON: Oh, I understand that.

THE COURT: All right.

MR. HILTON: May it please the Court, for the record I'd like to say that Friday I delivered copy of the Information to Mr. Robinson, we went over quite in detail. And you still have in your possession all three of these Informations that were filed against you, isn't that right?

DEFENDANT ROBINSON: Yes.

THE COURT: If you feel like you need to confer with your attorney at any time as I ask you these questions, why, feel free to do so before you answer them, if you like. Feel free to talk to Mr. Hilton before you answer if you'd like. Your attorney has informed the Court that you wish to waive your right to a trial by jury. Have you discussed this waiver of your right to a jury trial with your attorney?

DEFENDANT ROBINSON: Yes.

THE COURT: You understand that you have a right to have a jury of twelve persons listen to the evidence in this case and determine from that evidence your guilt or innocence of the crimes with which you are charged?

DEFENDANT ROBINSON: Yes.

THE COURT: After the discussion with your attorney do you personally wish to waive your right to a jury trial?

DEFENDANT ROBINSON: Yes.

THE COURT: Your attorney has informed the Court that in Case No. CR 6461 you wish to enter a plea of guilty to burglary and larceny; in Case No. CR 6587, your attorney has informed the Court you wish to enter a plea of second degree burglary and larceny; and in Case No. CR 6702 you wish to enter a plea to buying and receiving stolen property over the value of $50.00.

DEFENDANT ROBINSON: Yes, sir, that's right.

THE COURT: And have you discussed this with your attorney?

DEFENDANT ROBINSON: Yes.

THE COURT: The Court will inform you that if you enter a plea of guilty the Court will impose sentence as required by law. You will be sentenced to a term of years to the State Director of Penal Institutions of Kansas. And the maximum penalty provided for

second degree burglary and larceny with which you are charged in two of these cases is five to ten years on the second degree burglary and one to five years on the larceny. The maximum penalty on buying and receiving stolen property over the value of $50.00 is one to five years. You understand that, sir?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: It appears from a directive I received from the State Director of Penal Institutions that generally, and this won't always be true, but generally anyone under 26 years of age he would place at Hutchinson Reformatory and over 26 years of age at the penitentiary.

MR. HERNANDEZ: I think it's the Director—I think it's a question of receiving point. Anybody 25 and under would go there as a receiving point.

THE COURT: I see. Then he will decide.

MR. HERNANDEZ: Yes, sir.

THE COURT: Thank you. You understand these penalties, sir?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: And with this understanding, do you wish to enter a plea of guilty to the charge of second degree burglary in Case No. CR 6461, second degree—I'm sorry—second degree burglary and larceny in that case; the charge of second degree burglary and larceny in CR 6587; and to buying and receiving stolen property of the value of over $50.00 in Case No. CR 6702?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: Are you pleading guilty because you are guilty?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: Have any threats or promises of any kind been made to get you to plead guilty to these charges?

DEFENDANT ROBINSON: No, sir.

THE COURT: Do you have any complaints concerning the services of your attorney, Mr. Hilton?

DEFENDANT ROBINSON: No, sir.

THE COURT: In Case No. CR 6461 you have plead guilty to second degree burglary and larceny—

DEFENDANT ROBINSON: Yes, sir.

THE COURT: —of the 904 Club—

DEFENDANT ROBINSON: Yes, sir.

THE COURT: —on January 23, 1970. I want you to tell me in your own words what you did on January 23, 1970, to commit the offense charged.

DEFENDANT ROBINSON: At the 904?

THE COURT: Yes.

DEFENDANT ROBINSON: What I did to get in?

THE COURT: Well, you are charged with breaking in and you are charged with taking merchandise and I want you to tell me if you did it how you did it. You see, you plead guilty and I want to ascertain from your statement that you knowingly plead guilty to this crime, so I need to know how you committed the offense.

DEFENDANT ROBINSON: Took the lock from the front door, took the rising off and went in.

THE COURT: Then what did you do?

DEFENDANT ROBINSON: Took the beer out of the refrigerator boxes, put them in pasteboard boxes and took them out.

THE COURT: And took them out, you say?

DEFENDANT ROBINSON: Yes.

THE COURT: So if I understand your statement, you pried the door of the club open, it was locked?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: You removed beer from the refrigerator compartment, put it in boxes?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: And took it from the premises?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: Is that correct?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: Then I want to inquire, I want to ask, Mr. Robinson, about the burglary and the larceny in regard to George N. Tankson that involved the Stereophonic tape player. I'd like to have you tell me how and in what manner you committed this offense.

DEFENDANT ROBINSON: That tape player, we was—we was all at his house listening to it when he bought it that day. After everybody left, he didn't lock his door, and I went back later on and got it.

THE COURT: The door was closed?

DEFENDANT ROBINSON: Yes, the door was closed.

THE COURT: And what did you do; just go in?

DEFENDANT ROBINSON: Yes.

THE COURT: And then did you take the tape player with you?

DEFENDANT ROBINSON: Yes, I took the tape. But I gave it back to him later on on the streets.

THE COURT: Mr. Hernandez, on the amended charge of buying and selling stolen property, he is charged with taking beer or—or

buying and receiving beer, soda pop, cigars, and an RCA table model radio of the value of more than $50.00.

MR. HERNANDAZ: If the Court please, the amendment should be more specifically, Your Honor, that he bought and—he bought and received—and received beer having more—the value of more than $50.00, Your Honor. Should be restricted to beer.

THE COURT: Restricted to beer. You understand that, that they say in this Case No. CR 6702 that you are charged with buying and receiving stolen property, namely, beer, of a value of more than $50.00? Do you understand that?

DEFENDANT ROBINSON: Yes, sir. That beer came from Watkins. He came to me and I bought it.

MR. HILTON: Levi Watkins, who was co-defendant in the case.

THE COURT: Did you know where the beer came from?

DEFENDANT ROBINSON: He told me where he got it from.

THE COURT: Where?

DEFENDANT ROBINSON: He said Mr. Johnson's Top Hat.

THE COURT: Did he tell you he got it because he paid for it or some other way?

DEFENDANT ROBINSON: No, he told me he had broke in and got it.

THE COURT: So you knew it was stolen?

DEFENDANT ROBINSON: Yes.

THE COURT: All right. Thank you. Then from the statements which you have made in regard to the three cases before the Court, it is my understanding that you did commit the burglaries and larcenies and did receive the stolen property as charged in the Information and amended Information?

DEFENDANT ROBINSON: Yes, sir.

THE COURT: The Court finds there is a factual basis for your plea and that your plea is made voluntarily with the understanding of the nature of the charges against you and the consequences of your plea. The plea of guilty will be accepted.

I see no reason to proceed under 22-3424 of the new Code since the sentence is set specifically under the old Code, do you, Mr. Hilton?

MR. HILTON: No, Your Honor.

THE COURT: Is there any legal reason why sentence should not now be pronounced, Mr. Hernandez?

MR. HERNANDEZ: No, Your Honor.

THE COURT: Do you know of any, Mr. Hilton?

MR. HILTON: No, Your Honor?

THE COURT: Do you know of any, Mr. Robinson?

DEFENDANT ROBINSON: No.

THE COURT: Willie I. Robinson, it is the judgment, order and sentence of the Court that after your plea of guilty to the crime of second degree burglary and larceny in CR 6461, that after your plea of guilty to the crime of second degree burglary and larceny in Case No. CR 6587, and after your plea of guilty to the crime of buying and receiving stolen property in Case No. CR 6702, that you be taken by the Sheriff of Sedgwick County, Kansas, to the Sedgwick County Jail, and from there by the Sheriff at his earliest convenience—How old is Mr. Robinson?

MR. HERNANDEZ: He is 33, Your Honor.

THE COURT: —and transported to the Kansas State Director of Penal Institutions at Lansing, Kansas, to be committed for a period of not less than five nor more than ten years on each crime of second degree burglary, to be committed for a period of not less than one to—one to five years as to each crime of larceny, and to be committed for a period of not less than one nor more than five years as to each crime of buying and receiving stolen property of a value of more than $50.00. And the costs of the action are assessed against you.