No. 47,913

Lawrence Allen Morrow, *Appellant,* v. State of Kansas, *Appellee.*

(548 P. 2d 727)

Opinion filed April 10, 1976.

*J. Douglas Miller*, of Liberal, argued the cause and was on the brief for appellant.

*Robert G. Frey*, of Liberal, argued the cause and *Tom R. Smith*, assistant county attorney, was with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal from the summary denial of a motion pursuant to K. S. A. 60-1507.

The pertinent facts may be briefly summarized. On July 28, 1970, the defendant-appellant Lawrence Allen Morrow was arrested in Seward County, and subsequently charged with four crimes alleged to arise out of the same occurrence on that date. He was charged with (1) aggravated robbery (K. S. A. 1970 Supp. 21-3427), (2) aggravated battery (K. S. A. 1970 Supp. 21-3414), (3) aggravated assault (K. S. A. 1970 Supp. 21-3410), and (4) theft (K. S. A. 1970 Supp. 21-3701).

Counsel was appointed and defendant was arraigned on August 21, 1970. At the arraignment, the state dismissed three of the counts, the defendant entered a guilty plea to aggravated robbery, the state recommended a minimum sentence of ten years and the court sentenced defendant accordingly. He was thereafter committed to the State Penitentiary at Lansing where he remains.

On October 21, 1974, the defendant filed a 1507 motion pro se praying that the district court either vacate the sentence or allow him to withdraw his plea of guilty. In support of the motion, defendant alleged his plea was involuntary by reason of coercion and ineffective assistance of counsel.

The defendant alleged his plea was coerced by improper "threats" and promises by the county attorney and by acquiescence therein by his counsel. He alleged the prosecutor threatened to seek maxi-

mum consecutive sentences on all four counts charged and to request the court to invoke the Habitual Criminal Act if defendant sought a jury trial and was convicted. The defendant also alleged that if he agreed to plead guilty to aggravated robbery, the prosecutor promised to drop the other three counts, to not mention the Habitual Criminal Act and to request a sentence of ten years to life. Defendant further alleged his court appointed counsel told him the bargain was fair and urged him to accept it because he could expect a minimum sentence of 45 *or more* years if he did not.

The defendant contended the above circumstances amounted to coercion rendering his plea involuntary because, in fact, he could have been convicted of only one of the four counts. Hence, the offer was a misrepresentation of the law and was meaningless and misleading; consequently, defendant's decision to plead guilty was based on misinformation, was uninformed and was not made understandingly. The defendant also urged that the conduct of his court appointed counsel—*i. e.* misrepresenting the law to defendant, assuring him the prosecutor could "stack" the sentences on the four counts and urging him to accept the offer—amounted to ineffective assistance of counsel.

The district court summarily denied the 1507 motion. The journal entry stated in pertinent part that "[t]he court finds from the examination of the motion . . . that the unsubstantiated, uncorroborated allegations are insufficient for this court to grant relief thereon," and "[t]he court after duly and thoroughly examining the motion, files, and records herein, finds conclusively that the Petitioner is entitled to no relief. . . ."

Defendant's motion for reconsideration was denied, and this appeal followed.

A guilty plea is not rendered involuntary simply because it was induced by a promise not to invoke the Habitual Criminal Act. (*E. g., Peterson v. State,* 215 Kan. 253, 524 P. 2d 740.) Were this the only issue, the district court would have been correct in denying a hearing on the 1507 Motion.

The alleged plea negotiation dealing with the three counts which were dismissed is another matter. At oral argument, the state conceded the counts dismissed were all lesser included offenses of aggravated robbery, and that the defendant could have been convicted of only one of the four offenses charged. See, *State v. Gauger,* 200 Kan. 515, 438 P. 2d 455 and *State v. Russell,* 217 Kan.

481, 536 P. 2d 1392. See, also, Note, *The Doctrine of Lesser Included Offenses in Kansas,* 15 Washburn L. J. 40 [1976].

The alleged threat to seek maximum consecutive sentences on all four counts was a legal impossibility; the alleged promise (conceded in appellee's brief) to dismiss the three lesser counts if defendant would plead guilty to aggravated robbery was legally meaningless. Hence, the issue is whether these alleged circumstances—an "illegal" threat and a meaningless promise made by the prosecutor and acquiesced in by the defense counsel—bring the voluntariness of defendant's guilty plea into question such that a hearing on the 60-1507 motion is necessary.

We have recognized the propriety of plea bargaining on several occasions. (*Burns v. State,* 215 Kan. 497, 524 P. 2d 737; *State v. Caldwell,* 208 Kan. 674, 493 P. 2d 235; *State v. Byrd,* 203 Kan. 45, 453 P. 2d 22.) Plea bargaining is a fundamental part of our criminal justice system and produces many benefits (such as prompt adjudication, shortened pretrial detention and enhanced opportunities for appropriate disposition). These benefits flow from the defendant's waiver of many constitutional rights; accordingly, safeguards are necessary to insure this waiver is knowing and voluntary.

It is a fundamental principle of law in this state that a plea of guilty, in order to be valid, must be freely, knowingly and understandingly made. Such a plea induced by promises or threats which deprive it of its voluntary character is void. (*Peterson v. State,* supra; *White v. State.* 203 Kan. 687, 455 P. 2d 562; *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799; *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.) Factors to be considered in allowing the withdrawal of a plea were discussed in *State v. Byrd,* supra, at 52, 453 P. 2d at 29:

". . . . [W]hether or not the defendant was represented throughout by competent counsel; whether or not he was *misled, coerced,* mistreated or unfair advantage was taken and whether or not his plea was freely, fairly and understandingly made." (Emphasis added.)

Both the prosecutor and defense counsel have certain obligations in plea bargaining. It is improper for the prosecutor to induce a guilty plea by misrepresentations of the law or by unfulfillable promises. (*Brady v. United States,* 397 U. S. 742, 755, 25 L. Ed. 2d 747, 90 S. Ct. 1463.) Likewise, the defense counsel is obligated to fully and frankly advise his client as to the range of permissible penalties and the possible choices open to him. (*Weigel v. State,* 207 Kan. 614, 485 P. 2d 1347.) Failure to fulfill these obligations can

have a significant effect on the voluntariness of an accused's guilty plea.

The ABA Standards for the Administration of Criminal Justice as they relate to plea bargaining, sanctioned by this court in *Burns v. State,* supra, and *State v. Byrd,* supra, condemn the alleged conduct of the prosecution and defense counsel. (ABA Standards, The Prosecution Function § 4.1 [c] [1971]; ABA Standards, The Defense Function § 6.2 [a] [1971].) While the standards are meant as guides for disciplinary action rather than criteria for judicial evaluation of the validity of a conviction, the conduct proscribed by the standards may still be relevant, depending on the circumstances, as one factor to be considered by the court in determining if a guilty plea is voluntary. (ABA Standards, The Prosecution Function § 1.1 [e]; ABA Standards, The Defense Function § 1.1 [f]; see, *Schoonover v. State,* 218 Kan. 377, 543 P. 2d 881.)

Federal courts' treatment of the instant issue is illuminating. In *Correale v. United States,* 479 F. 2d 944 (1st Cir. 1973), the court vacated appellant's sentence and remanded for resentencing because the U. S. Attorney had recommended an illegal federal sentence. There it was said:

". . . Prosecutorial misrepresentations, though made in good faith, even to obtain a just, and here a mutually desired end, are not acceptable. Ignorance of the law is no excuse for the government, just as it avails not the defendant. . . . [A]t a minimum, a prosecutor may not in exchange for a guilty plea, promise and/or make a recommendation of an illegal sentence." (*Id.* at 947.)

\* \* \* \* \*

"We do not mean to imply that only the government attorney has obligations of knowledge and clarity. Defense counsel too must know or learn about the relevant law and evaluate its application to his or her client. . . . Particularly when a plea bargain is discussed, and hence sentencing becomes the client's preeminent concern, it is incumbent on counsel to acquaint himself or herself with all the available alternatives and their consequences. . . ." (*Id.* at 949.)

In *Kelsey v. United States,* 484 F. 2d 1198 (3d Cir. 1973), the court held that defense counsel's erroneous advice as to the maximum possible sentence defendant could expect rendered defendant's plea involuntary.

". . . [W]e are convinced that the controlling principle is . . .: 'Whether prejudice resulted from the entry of the guilty plea is not measured by the severity or leniency of the sentence imposed; prejudice inheres when an accused pleads guilty, thus convicting himself of a criminal offense, without understanding the significance or consequence of his action.' The appellant having been told that the maximum sentence was 75 years, when in fact the maximum was considerably less than that, we are persuaded that . . . he

did not enter his plea with 'understanding of the . . . consequences of the plea.' " (*Id.* at 1200.)

From the above, it is apparent that the actual allegations raised by appellant in his 1507 motion, if true, could render his guilty plea involuntary.

The guidelines for determining whether to grant a hearing on a 1507 motion are provided in K. S. A. 60-1507 (*b*) and Supreme Court Rule 121 (*f*). A hearing should be granted *unless* the motion and the files and records of the case conclusively show the movant is entitled to no relief. (*E. g., Daugherty v. State,* 204 Kan. 604, Syl. 1, 464 P. 2d 221; *State v. Burnett,* 194 Kan. 645, Syl. 1, 400 P. 2d 971.)

The record of the proceedings in which appellant entered his guilty plea reflects only a cursory determination of voluntariness. After dismissing the three counts, the state read the information charging appellant with aggravated robbery. The court then asked appellant the following questions and received an affirmative answer to each: Do you know what you're charged with? Has counsel told you of your right to trial by jury and to appeal? Has counsel told you what sentence this charge carries? Are you ready to plead on the charge? Appellant then entered his guilty plea and was sentenced.

We think this record does not conclusively show appellant's allegations are groundless. Appellant was asked if he was aware of the possible sentence and consequences of pleading guilty to aggravated robbery, but no questions were asked and nothing appears in the record which indicates what representations, if any, were made which induced the plea. There was no mention of plea discussions by any of the participants at the proceeding. The district court's questioning of appellant made no mention of possible coercion, threats or promises. There were no specific questions as to the plea's voluntariness.

We have held on many occasions that a 1507 motion containing mere conclusionary contentions with no evidentiary basis states no grounds on which relief can be granted. (*E. g., Burns v. State,* supra.) The instant 1507 motion does not suffer from this fault. Here, appellant alleged specific representations were made to him during plea negotiations which induced his plea. These specific allegations stated underlying facts which, if true, would constitute grounds for relief.

We have also held that the burden of proof in a 1507 motion is not sustained by uncorroborated statements of the movant. (*Lee*

*v. State,* 204 Kan. 361, 461 P. 2d 743; *Lieser v. State,* 199 Kan. 503, 430 P. 2d 243.) The district court relied on this rule in summarily denying appellant's 1507 motion: ". . . the unsubstantiated, uncorroborated allegations are insufficient for this court to grant relief thereon. . . ." We think this reliance was misplaced.

The 1507 movant alleging his plea was involuntary has the burden of proof. As originally promulgated, Supreme Court Rule 121 (*g*) required corroboration to sustain the burden.

"Burden of Proof: The movant has the burden of establishing his grounds for relief by a preponderance of the evidence. The uncorroborated statements of the movant shall be insufficient to sustain the burden of proof." (Kan. Sup. Ct. R. 121 [*g*], 194 Kan. xxviii [1964].)

Rule 121 (*g*) was amended on June 19, 1970, by deleting the corroboration requirement. (Kan. Sup. Ct. R. 121 (*g*), 205 Kan. xlv [1970].) Corroboration is no longer a formal requirement to sustain the burden of proof at either the pleading or proof stage. Be that as it may, corroboration of a 1507 movant's contentions is desirable and, conceivably, might save a motion which otherwise appeared to state no grounds on which relief could be granted.

We think *Floyd v. State,* 208 Kan. 874, 495 P. 2d 92, is analogous to the instant action. There, the petitioner claimed his plea was coerced by his attorney's threatening to subvert the defense if a plea were not entered. The attorney and petitioner's sister were listed as witnesses. In holding a hearing was required, the court said:

"Where a motion under K. S. A. 60-1507 alleges facts not appearing in the original record which if true would entitle the petitioner to relief, and lists readily available witnesses to support such facts, it is error to deny such motion without an evidentiary hearing." (Syl. ¶ 1.)

In *Rodgers v. State,* 197 Kan. 622, 419 P. 2d 828, the 1507 movant alleged perjured testimony had been induced by the prosecutor and listed several potential witnesses. In holding a hearing was required, the court said:

". . . Even though the charges leveled by the petitioner may seem improbable the matter raised could not be determined alone by the files and records of the court. . . ." (*Id.* at 624.)

In the instant action, the files and records of the case did not conclusively refute appellant's allegations which, if true, would entitle him to relief. Paragraph 11 of appellant's 1507 motion referred to the supporting memorandum for the names of witnesses or other evidence upon which he intended to rely. The names and alleged

conduct of appellant's court appointed counsel and the county attorney who prosecuted his case were set out in the memorandum. Appellant's counsel and the county attorney were obviously parties who could refute or substantiate appellant's allegations. Because the record, files and motion do not conclusively show appellant is entitled to no relief, the case must be remanded for an evidentiary hearing on the motion.

This appeal makes abundantly clear the desirability of strict and full compliance with K. S. A. 22-3210, which governs the acceptance of guilty pleas, and full disclosure of plea negotiations on the record. The aim of K. S. A. 22-3210 is to insure pleas are informed and voluntary and are made with full understanding of the consequences and alternatives. (See, Trotter v. State, 218 Kan. 266, 543 P. 2d 1023; State v. Robinson, 218 Kan. 1, 542 P. 2d 305; Widener v. State, 210 Kan. 234, 499 P. 2d 1123.) Strict compliance with the statute not only safeguards the accused's waiver of constitutional rights, but also protects the interests of the state and counsel by leaving a record adequate for any review and by forestalling collateral proceedings such as the instant case. The same can be said for making plea discussions a matter of record. We have previously sanctioned the propriety of plea negotiations and the desirability of making any plea discussions a matter of record at the proceedings in which a plea is entered. (Burns v. State, supra; State v. Caldwell, supra; State v. Byrd, supra.) We reiterate our approval of this procedure.

The case is reversed and remanded for an evidentiary hearing in accordance with the views heretofore expressed.

It is so ordered.