(42 P.3d 205)

No. 85,870

DERWIN STEWART, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed March 15, 2002.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for the appellant.

*Ian H. Taylor*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., JOHNSON, J., and BUCHELE, S.J.

PIERRON, J.: Derwin Stewart appeals the district court's summary denial of his K.S.A. 60-1507 motion.

In 1996, Stewart was charged with aggravated assault and reckless second-degree murder following an incident where Stewart had struck a woman at least twice with his vehicle. Following a jury trial, Stewart was convicted as charged and sentenced to 154 months for reckless second-degree murder and 12 months for aggravated assault, to be served consecutively.

On direct appeal, Stewart argued that the jury's view of the crime scene without his presence violated his due process rights, and the district court erred in failing to give the lesser included offense instruction of involuntary manslaughter based upon the use of excessive force during self-defense. Stewart's convictions were affirmed. Our court found there was no factual basis to support the theory of self-defense. Thus, the court did not err by failing to instruct on the lesser included offense of involuntary manslaughter based upon the use of excessive force during self-defense.

Stewart then filed a K.S.A. 60-1507 motion alleging ineffective assistance of counsel, insufficient evidence, and several trial errors. The district court found the motion, files, and records of the case

conclusively showed that Stewart was not entitled to relief, and summarily dismissed the motion.

Initially, Stewart takes issue with the summary denial of his motion, claiming that under Supreme Court Rule 183(j) (2001 Kan. Ct. R. Annot. 210), the district court erred by not issuing findings of fact and conclusions of law on each of his claims. The court's journal entry stated: "The relief prayed for can not be granted as the motion, the files and records of the case conclusively show that Plaintiff is not entitled to relief; that a plenary hearing is not required; that the petitioner need not be produced for a hearing." The journal entry then cited four cases that purportedly addressed the bulk of Stewart's issues raised in his motion.

Under Rule 183(j), the district court is required to make findings of fact and conclusions of law on all issues presented. This issue was recently addressed in *State v. Bolden*, 28 Kan. App. 2d 879, 24 P.3d 163, *rev. denied* 271 Kan. 1038 (2001). Bolden's post-sentence motion to withdraw his guilty plea was summarily denied. The order stated there were no appearances; the motions, files, and records of the case did not show manifest injustice; and Bolden's conclusory allegations did not entitle him to relief. The order did not address each of Bolden's arguments individually. The *Bolden* court stated:

"Last year, in *State v. Moncla*, 269 Kan. 61, 4 P.3d 618 (2000), the Kansas Supreme Court made clear that Rule 183(j) has teeth. Moncla had filed a motion for new trial based on newly discovered evidence, which included affidavits that stated another person had admitted to involvement in the murder for which Moncla was convicted. After a nonevidentiary hearing, the district judge said only: ' "Thank you very much. At this time, based upon all matters before the Court, based upon the record which occurred at the trial, after reviewing all these matters, the court feels that a new trial is not proper at this time. I will overrule the motion." ' 269 Kan. at 63.

"On appeal, Moncla argued the district court should have held an evidentiary hearing to explore the credibility and materiality of the evidence and should have explicitly analyzed and ruled upon the evidence alleged to be newly discovered. The Kansas Supreme Court held Moncla had no automatic right to an evidentiary hearing, but it compared the procedure for motions for new trial to the procedure for K.S.A. 60-1507 motions. It found that the district court's ruling did not comply with Rule 183(j). 269 Kan. at 64-65.

"Observing that it could only speculate as to the basis of the district court's decision, the court said:

'The merits of Moncla's motion aside, the fundamental problem with the district court's approach here is that it impedes appellate review. How are we to review the decision, even under the abuse of discretion standard, when neither findings nor conclusions based on the findings are stated? Motions for new trials, like many 60-1507 motions, may be meritless and, thus, not entitled to evidentiary hearings. However, the district court must tell us what its findings are and why it concluded the motion to be without merit if we are to conduct any sort of meaningful appellate review.' 269 Kan. at 65.

"*Moncla* counsels us to monitor district court compliance with Rule 183(j) more strictly than we may have in the past. Compare *Jackson*, 255 Kan. at 462 (affirming denial of motion because movant failed to allege sufficient factual basis in motion); *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980) (affirming denial of motion without a hearing because movant failed to show new evidence would add to that already in the record). Under *Moncla*, the district court's order in this case was insufficient because it failed to make findings of fact and conclusions of law regarding each of Bolden's arguments. The court's failure to address the two-part ineffective assistance of counsel test is very similar to the court's neglect of the applicable test for newly discovered evidence in *Moncla*. Even if this case were not ripe for reversal for an evidentiary hearing, it would be remanded for compliance with Rule 183(j)." *Bolden*, 28 Kan. App. 2d at 883-84.

The journal entry in the instant case is very similar to that in *Bolden*. Under *Bolden* and *Moncla*, the district court's order in this case was insufficient because it failed to make findings of fact and conclusions of law regarding each of Stewart's arguments. Boilerplate journal entries such as the one used in the instant case do not comply with Rule 183(j). This case must be remanded for compliance with Supreme Court Rule 183(j) before review can be attempted.

Remanded with directions.