(60 P.3d 347)

No. 88,234

WILLIAM A. GILKEY, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed January 3, 2003.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Ian H. Taylor*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., KNUDSON, J., and LARSON, S.J.

KNUDSON, J.: William A. Gilkey brings this appeal after summary dismissal of his motion filed under K.S.A. 60-1507, contending ineffective assistance of counsel at his criminal trial in 1997. Gilkey was found guilty by a jury of three counts of aggravated assault, and his convictions were affirmed on appeal. See *State v. Gilkey*, No. 81,193, unpublished opinion filed December 10, 1999. There are two issues presented: (1) Were the district court's findings of fact and conclusions of law adequate for meaningful appellate review; and, if so, (2) did the court err in dismissing Gilkey's motion without an evidentiary hearing?

We remand to the district court for adequate findings of fact and conclusions of law as required under Supreme Court Rule 183(j) that is unequivocal: "The court shall make findings of fact and conclusions of law on all issues presented." (2001 Kan. Ct. R. Annot. 211.) See also *Stewart v. State*, 30 Kan. App. 2d 380, 42 P.3d 205 (2002).

In the underlying criminal case, Gilkey's convictions stemmed from a drive-by shooting on Kellogg Avenue in Wichita, Kansas. His defenses were mistaken identification and alibi. The trial judge was District Judge Warren Wilbert. In his direct appeal, Gilkey unsuccessfully raised issues of sufficiency of the evidence and juror misconduct.

In this K.S.A. 60-1507 motion, Gilkey listed eight representations of fact to support his contention of ineffective assistance of trial counsel. Generally, those representations focused on trial counsel's lack of preparation, investigation deficiencies, failure to secure and introduce exculpatory evidence, and failure to request a mistrial upon an issue of jury tampering.

At a preliminary hearing upon Gilkey's 60-1507 motion, only Gilkey's court-appointed attorney and an assistant Sedgwick County District Attorney (who did not prosecute the criminal case) appeared before Judge Paul W. Clark. We are given no explanation why Judge Clark considered Gilkey's motion rather than the trial judge, Warren Wilbert. Ordinarily, we would expect the trial judge, because of his or her familiarity with the underlying criminal case, to make the preliminary review of a 60-1507 motion and decide if an evidentiary hearing should be conducted. See *Schoonover v. State*, 2 Kan. App. 2d 481, 482-83, 582 P.2d 292, *rev. denied* 225 Kan. 845 (1978). In fact, an appellate court's long-standing standard of review of a summary denial of a 60-1507 motion has probably been influenced by that expectation. In *Chamberlain v. State*, 236 Kan. 650, 659-60, 694 P.2d 468 (1985), the Supreme Court stated:

"It is a rule of this court that in an action asserting ineffective assistance of counsel, the trial court must have an opportunity to assess the performance of counsel before an appellate court will consider the matter. Much deference and reliance must be placed upon the wisdom and determination of the trial judge *who saw all of the proceedings first hand as they happened.*" (Emphasis added.)

At the beginning of the 60-1507 hearing, Gilkey's court-appointed attorney reviewed the movant's allegations, stating:

"It appears that the issue that he raises is ineffective assistance of counsel in that he states that the trial counsel was incompetent and that he either didn't have the skill to handle the type of charges pending against the petitioner or he wasn't thoroughly prepared for trial. Now, he says some examples—He also talks about how the trial counsel didn't get the discovery that was requested of him by the petitioner. Specifically there was [*sic*] some 911 tapes that he wanted, some photographs and some documents, and he also alleges how his trial counsel did not adequately communicate with him. And then he gives eight specific examples for the Court in his pleadings, and he talks about in his examples how, well, this would help me, you know, assert an alibi defense theory. He also alleges that the

trial counsel failed to interview or subpoena witnesses necessary to present this information to the jury. Now, I'm not going to go into a *Strickland v. Washington*, which is adopted in *Chamberlain v. Kansas* and we have the two-prong test, but it appears to me this is significant if we have a situation here where trial counsel is not interviewing witnesses. Of course, he doesn't go into specific information as to what each particular witness would provide in terms of testimony and doesn't elaborate as far as the significance of some of this documentation he wanted, but I think the situation here as far as counsel not doing this investigation and interviewing does raise a substantial and compelling issue which I think would warrant an evidentiary hearing if we could have some testimony presented to the Court and get to the bottom of this."

### Lynette Goines, the assistant district attorney, then responded:

"Your Honor, I'll briefly just go over the issues so I'll make my arguments kind of concise. The first issue of ineffective assistance of counsel, the movant claims counsel failed to follow the model rules of professional conduct in that he violated the counsel—client-lawyer relationship. Counsel was incompetent. Counsel didn't follow the movant's desires; that counsel failed to act with diligence, and he failed to seek exculpatory evidence or to communicate with the movant. The movant's claims of ineffective assistance are conclusory and are not a sufficient basis for relief for his convictions. *Winters v. State* grants the trial counsel with exclusive province of any strategical or tactical decisions of the trial. Movant is essentially complaining about—about the tactical and strategical decisions of his counsel during the trial. The movant also fails to show how counsel's performance was professionally deficient or that—and that this deficiency prejudiced him from a fair trial which is provided by *Strickland v. Washington*."

### Judge Clark then stated his decision:

"I'll adopt as my own those findings suggested by Miss Goines as correctly citing the law, I believe, and find that there's no reason we can't dispose of the matter here. Relief cannot be granted. There's no reason for a hearing nor is the presence of Mr. Gilkey required to dispose of the matter. Relief is denied. Miss Goines will draft up a journal entry, please, and circulate the same."

### Subsequently, the court's journal entry provided, in material part:

"4. First, the movant claims ineffective assistance of counsel stating that his counsel was incompetent, violated the Model Rules of Professional Conduct, failed to seek exculpatory evidence, and failed to communicate with the movant which prevented him from a fair trial.

"5. The movant's complaint is essentially with the tactical and strategical decisions of his trial counsel. *Winters v. State*, 210 Kan. 597, 502 P.2d 733, grants the trial counsel with the exclusive province of any strategical and tactical decisions

of the trial. The movant's allegations are mere conclusory allegations and without merit. Furthermore, the movant does not provide evidence that his counsel was professionally deficient and that this deficiency has prejudiced him which is required by [*Chamberlain v. State*, 236 Kan. 650, 694 P.2d 468 (1985)]; *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

. . . .

"9. 'An evidentiary hearing on a K.S.A. 60-1507 motion is not required if the motion and files and records of the case conclusively show that the movant is not entitled to relief.' *Doolin v. State*, 24 Kan. App. 2d 500, 501, 947 P.2d 454 (1997) (citing K.S.A. 60-1507[b]).

"10. The motion, files and records conclusively show that the movant is not entitled to the relief requested. Supreme Court Rule 183(f) (2000 Kan. Ct. R. Annot.). Neither a hearing is necessary, nor the presence of the movant."

## DISCUSSION

"Guidelines for granting an evidentiary hearing on a K.S.A. 60-1507 motion are provided by statute, court rule and case law. A hearing, whether evidentiary or non-evidentiary, should be granted unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. K.S.A. 60-1507(b); Supreme Court Rule No. 183(f), 225 Kan. lxxv; *Van Bebber v. State*, 220 Kan. 3, 4, 551 P.2d 878 (1976). A presumption of regularity attaches to a judgment of criminal conviction and sentencing thereon. The plaintiff has the burden of establishing irregularity of his conviction and sentence; in a K.S.A. 60-1507 proceeding the movant has the burden of proof. Supreme Court Rule No. 183(g), 225 Kan. lxxv; *Thompson v. State*, 197 Kan. 630, 635, 419 P.2d 891 (1966). Conclusory contentions without evidentiary basis are not sufficient for relief. *Burns v. State*, 215 Kan. 497, 500, 524 P.2d 737 (1974). While corroboration of plaintiff's factual allegations is no longer a formal requirement [see *Morrow v. State*, 219 Kan. 442, 448, 548 P.2d 727 (1976)], corroboration is desirable. The motion must set forth a factual background, names of witnesses or other sources of evidence demonstrating plaintiff's entitlement to relief. *Sullivan v. State*, 222 Kan. 222, 223-224, 564 P.2d 455 (1977). An evidentiary hearing is not required if no substantial issue of fact is presented by the motion. *Rhone v. State*, 211 Kan. 206, 208, 505 P.2d 673 (1973); *Redd v. State*, 199 Kan. 431, 433, 429 P.2d 925 (1967)." *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980).

In *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000), the Kansas Supreme Court observed:

"Motions for new trials, like many 60-1507 motions, may be meritless and, thus, not entitled to evidentiary hearings. However, the district court must tell us what its findings are and why it concluded the motion to be without merit if we are to conduct any sort of meaningful appellate review."

In *State v. Bolden*, 28 Kan. App. 2d 879, 884, 24 P.3d 163, *rev. denied* 271 Kan. 879 (2001), we noted: *"Moncla* counsels us to monitor district court compliance with Rule 183(j) more strictly than we may have in the past."

*Bolden* was followed by *Stewart*, 30 Kan. App. 2d 380. In its order of remand, the court found that "[b]oilerplate journal entries such as the one used in the instant case do not comply with Rule 183(j)." 30 Kan. App. 2d at 382. The appeal was remanded for full compliance with Rule 183(j).

We conclude Judge Clark's pronouncements from the bench and the subsequent journal entry of dismissal do not contain adequate findings to permit effective appellate review. Judge Clark was not the presiding judge at Gilkey's criminal trial or in a position without a review of the trial transcript to assess the effectiveness of trial counsel. The findings are conclusory and do not address each of the allegations presented in Gilkey's motion. Consequently, we must remand for further consideration as to whether an evidentiary hearing should be conducted and additional findings of fact and conclusions of law in full conformity with Supreme Court Rule 183(j).

Remanded with directions.