NOT DESIGNATED FOR PUBLICATION

No. 112,434

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JARON L. GANT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION


Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed September 11, 2015. Affirmed.


*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.


*Casey Meyer*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.


LEBEN, J.: Jaron Gant appeals the denial of habeas corpus relief under K.S.A. 60-1507.


He was convicted in 2006 of two counts of aggravated robbery, and his convictions were affirmed on direct appeal in 2008 in *State v. Gant*, No. 97,684, 2008 WL 2051735 (Kan. App.) (unpublished opinion), *rev. denied* 286 Kan. 1182 (2008). Gant then filed a habeas motion under K.S.A. 60-1507; the district court denied it on January 28, 2010.

Gant filed the present action—his second habeas motion under K.S.A. 60-1507—on July 19, 2011. The district court denied it in boilerplate fashion: "After a review of the motion, the files, the records and the previous appellate decisions, this court finds, conclusively, that the movant is entitled to no relief and the petition is dismissed."

That's the district court's entire explanation of its ruling. So Gant rightly complains that the district court did not comply with Supreme Court Rule 183(j), which provides that in ruling on motions under K.S.A. 60-1507, "[t]he [district] court *must* make findings of fact and conclusions of law on all issues presented." (Emphasis added.) (2014 Kan. Ct. R. Annot. 287).

The district court's failure to comply with Rule 183(j) is obvious. We assume the district court did the same sort of review that we have had to do, a review that we will describe in a moment. But we certainly don't know any specifics. The district court's order simply mirrors the language of the Supreme Court rule's test for whether the district court must hold a hearing: "Unless the motion . . . and the files and records of the case . . . conclusively show that the movant is entitled to no relief, the court must grant a prompt hearing . . . ." Rule 183(f) (2014 Kan. Ct. R. Annot. 287).

So what should we do when a district court fails to do the work required by Rule 183(j)? In several prior cases, our court has reversed the summary denial of a K.S.A. 60-1507 motion based on the failure to comply with Rule 183(j) when we have determined that the district court's findings were insufficient to permit effective appellate review. See, *e.g.*, *Gilkey v. State*, 31 Kan. App. 2d 84, 88, 60 P.3d 347 (2003); *Stewart v. State*, 30 Kan. App. 2d 380, 382, 42 P.3d 205 (2002); *State v. Bolden*, 28 Kan. App. 2d 879, 883-84, 24 P.3d 163, *rev. denied* 271 Kan. 1038 (2001).

2

That's what Gant urges we do now. He suggests that we *must* do so because we are unable to properly review the matter without findings from the district court.

But Gant fails to consider the standard of review that we apply on appeal when the district court summarily denies a K.S.A. 60-1507 motion without a hearing. In such cases, we are required to conduct an independent review of the motion and the case files to determine whether they do, in fact, conclusively show that the movant is not entitled to relief. See *Edgar v. State*, 294 Kan. 828, 836-37, 283 P.3d 152 (2012). That is a task we still can do, even though the task may take longer than it would have had the district court provided a road map for its own analysis.

Gant cites three cases in support of his argument that we must remand the case to the district court for Rule 183(j) compliance: *State v. Moncla*, 269 Kan. 61, 4 P.3d 618 (2000); *Harris v. State*, 31 Kan. App. 2d 237, 62 P.3d 672 (2003); and *Littrice v. State*, 30 Kan. App. 2d 800, 48 P.3d 690 (2002). None of these cases support the claim that we are required to send this case back to the district court for failure to comply with Rule 183(j).

*Moncla* was a new-trial motion, not a habeas claim, and appellate review was for abuse of discretion. Without factual findings from the court that heard the trial, the appellate court couldn't review the denial of a new trial under the abuse-of-discretion standard. 269 Kan. at 65. *Moncla* does not require a remand here; we are required to review the matter before us independently, not merely for abuse of discretion. And our review, like the district court's at this stage, is based on the written motion and the case file, which we are equally able to review.

In both *Harris* and *Littrice*, the district court held an *evidentiary* hearing before denying habeas relief. When the district court has heard evidence, of course, its factual

3

findings based on that evidence are critical. But in Gant's case, the district court didn't hold a hearing at all, let alone an evidentiary one.

So we are not *required* to send the case back to the district court. See *Robertson v. State*, 288 Kan. 217, 232-33, 201 P.3d 691 (2009). Doing so would obviously prolong these proceedings, so we decline that option. Instead, we have reviewed the motion and case file ourselves, and based on that review, we have concluded that Gant has not presented a viable claim for habeas relief.

We proceed then to our own independent review of Gant's habeas motion. Procedurally, Gant faces two hurdles that he cannot overcome. Substantively, Gant sets out no viable claims for relief.

We begin with the two procedural hurdles. First, a defendant doesn't have a right to file more than one habeas motion for similar relief; K.S.A. 60-1507(c) provides that the district court may dismiss a second or successive motion absent exceptional circumstances. K.S.A. 60-1507(c); *State v. Kelly*, 291 Kan. 868, 872-73, 248 P.3d 1282 (2011). Second, a defendant must file a motion for habeas relief under K.S.A. 60-1507 no more than 1 year after the end of the defendant's initial direct appeal. Gant's motion was filed more than 2 years after his direct appeal ended in 2008. Accordingly, Gant's motion may be heard only to prevent manifest injustice. See K.S.A. 60-1507(f)(1) and (2); *Kelly*, 291 Kan. at 873.

Gant has not shown exceptional circumstances that would justify hearing his second habeas motion. To establish exceptional circumstances, a movant must show unusual events or intervening changes in the law that prevented him from reasonably being able to raise all of the claimed errors in the first habeas proceeding. *Wimbley v. State*, 292 Kan. 796, Syl. ¶ 1, 275 P.3d 35 (2011). Gant's appellate brief does not address

4

this point at all, and we do not find anything in his K.S.A. 60-1507 motion establishing exceptional circumstances.

Nor has Gant shown manifest injustice if his claims are not heard. The Kansas Supreme Court recently provided three nonexclusive factors we should consider in determining whether a movant has shown manifest injustice: (1) whether the movant has provided persuasive reasons for the failure to meet the 1-year deadline; (2) whether the movant's substantive claims raise substantial issues of law or fact deserving consideration; and (3) whether the movant has presented a colorable claim of factual, not merely legal, innocence. *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014).

Once again, Gant's appellate brief does not address this point at all, and we again find nothing in his K.S.A. 60-1507 motion establishing manifest injustice. These factors combine both procedural and substantive issues, but we find no manifest injustice under any of the listed *Vontress* factors:

- Gant provided no explanation for why he didn't raise the issues presented in this habeas motion either on direct appeal or in his first habeas motion.
- Gant provided no factual basis for a claim of actual innocence.
- Substantively, Gant raised two issues: (1) that the prosecutor misstated the law in closing argument, and (2) that the defense attorney was ineffective for failing to respond to these misstatements. But claims of prosecutorial actions that make a trial unfair can—and should—be raised on direct appeal. Supreme Court Rule 183(c)(3) (2014 Kan. Ct. R. Annot. 285); *George v. State*, No. 108,060, 2013 WL 196569, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 298 Kan. 1201 (2013); *Hollingsworth v. State*, No. 106,357, 2012 WL 718971, at *4 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1245 (2013). And a defense lawyer does not have to object to preserve the ability to raise a prosecutor's misstatements in closing argument on appeal. See *Haddock v. State*, 282 Kan. 475, 523, 146 P.3d 187 (2006). Accordingly, defense counsel's failure to object doesn't

constitute ineffective assistance. See *Hollingsworth*, 2012 WL 718971, at \*5. Moreover, even if some of the prosecutor's statements were inaccurate, the district court instructed the jury on the law, and Gant did not present any valid claims of instruction error on direct appeal. *Gant*, 2008 WL 2051735, at \*2.

We recognize that the *Vontress* factors are nonexclusive, but we conclude that Gant has not shown manifest injustice arising from the district court's refusal to hear his claims.

We affirm the district court's judgment.

6