NOT DESIGNATED FOR PUBLICATION

No. 114,738

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GERRY BURDEN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed December 16, 2016. Affirmed.

*Michael P. Whalen* and *Krystle M. S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

LEBEN, J.: Gerry Burden appeals after the district court denied his motion for habeas corpus relief under K.S.A. 60-1507.

In 2000, a jury convicted Burden of committing rape, aggravated kidnapping, aggravated criminal sodomy, and criminal threat against his girlfriend. The district court sentenced Burden to 506 months (about 42 years) in prison. The facts underlying Burden's convictions are more fully described in the appellate opinions affirming

Burden's convictions. *State v. Burden*, 30 Kan. App. 2d 690, 691-96, 46 P.3d 570 (2002) (affirming rape, aggravated-criminal-sodomy, and criminal-threat convictions but reversing aggravated-kidnapping conviction), *rev'd in part by State v. Burden*, 275 Kan. 934, 935-36, 945, 69 P.3d 1120 (2003) (affirming aggravated-kidnapping conviction).

In June 2004, Burden filed his first request for habeas relief under K.S.A. 60-1507, arguing that his trial counsel had been ineffective for failing to challenge two potential jurors during jury selection, failing to object to evidence of prior domestic violence between Burden and the victim, and failing to accurately object to a jury instruction. The district court denied Burden's motion after a nonevidentiary hearing, and this court affirmed. *Burden v. State*, No. 95,101, 2006 WL 2716073, at *1 (Kan. App. 2006) (unpublished opinion).

In July 2009, Burden filed a second request for habeas relief under K.S.A. 60-1507. Neither party mentions this request in their briefs, and it isn't in the record on appeal, but our court affirmed the denial of that motion in *Burden v. State*, No. 103,911, 2011 WL 1196924, at *2 (Kan. App. 2011) (unpublished opinion). According to our court's opinion, Burden had again alleged various errors committed by his trial and appellate counsel and added claims that his habeas counsel had been ineffective. Our court affirmed the district court's summary denial, finding that the motion was successive and that Burden hadn't shown any exceptional circumstances that would justify hearing it. 2011 WL 1196924, at *2. Our court also held that Burden's claim that his K.S.A. 60-1507 counsel had been ineffective wasn't timely because it was filed 3 years after the denial of his first K.S.A. 60-1507 motion and Burden didn't give any reason for the delay. 2011 WL 1196924, at *2.

In October 2009, Burden filed a motion to correct an illegal sentence, and it was denied in the same month. In March 2010, he filed a second motion to correct an illegal sentence, and it was denied in April 2010. Burden appealed that denial, and our court

2

affirmed, holding that Burden couldn't use a motion to correct an illegal sentence to attack his conviction. *State v. Burden*, No. 105,018, 2012 WL 3135645, at *1 (Kan. App. 2012) (unpublished opinion). Our court also noted that even if it were to construe Burden's motion to correct an illegal sentence as a request for habeas relief under K.S.A. 60-1507, it would be his third one and would not succeed because he hadn't shown exceptional circumstances that would justify hearing a successive habeas request under K.S.A. 60-1507. 2012 WL 3135645, at *3.

All this procedural history brings us to the habeas request at issue in this case: Burden's third K.S.A. 60-1507 motion, which he wrote himself, without an attorney, and filed on October 6, 2014. The district court summarily denied Burden's motion without holding a hearing and entered an order of only three words: "Amended Petition Denied."

So Burden rightly complains that the district court didn't comply with Supreme Court Rule 183(j), which provides that when the district court rules on a K.S.A. 60-1507 motion, it "must make findings of fact and conclusions of law on all issues presented." (2015 Kan. Ct. R. Annot. 273).

Obviously, the district court did not comply with Rule 183(j). We assume that the district court reviewed the motion and the case file and conclusively determined that Burden wasn't entitled to relief—that's what a district court must decide before summarily denying a K.S.A. 60-1507 motion, as we explain below. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014); Supreme Court Rule 183(f) (2015 Kan. Ct. R. Annot. 271). But we don't know any specifics about the district court's review or why it summarily denied Burden's motion.

So what should we do when a district court fails to do the work required by Rule 183(j)? In some cases, our court has reversed summary denials when the district court failed to comply with Rule 183(j) and the district court's findings were insufficient to

3

permit effective appellate review. See, *e.g.*, *Gilkey v. State*, 31 Kan. App. 2d 84, 88, 60 P.3d 347 (2003); *Stewart v. State*, 30 Kan. App. 2d 380, 382, 42 P.3d 205 (2002); *State v. Bolden*, 28 Kan. App. 2d 879, 883-84, 24 P.3d 163 (2001). That's what Burden asks us to do here: he claims that we *must* reverse and remand because we are unable to properly review the matter without findings from the district court.

But Burden fails to consider the standard of review that we apply on appeal when the district court denies a K.S.A. 60-1507 motion without holding a hearing. In such cases, we conduct an independent review of the motion and case file to determine whether they do, in fact, conclusively show that Burden isn't entitled to relief. *Sola-Morales*, 300 Kan. at 881. We can still do this review, even though it might take longer than it would if the district court had provided its own analysis, as required by Rule 183(j). *Gant v. State*, No. 112,434, 2015 WL 5312016, at *1 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1017 (2016); *Kerestessy v. State*, No. 110,432, 2014 WL 4723745, at *4 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1010 (2015).

Burden cites several other cases in support of his argument that we must remand the case to the district court for Rule 183(j) compliance: *State v. Moncla*, 269 Kan. 61, 4 P.3d 618 (2000); *Moll v. State*, 41 Kan. App. 2d 677, 204 P.3d 659 (2009); and *Harris v. State*, 31 Kan. App. 2d 237, 62 P.3d 672 (2003).

But *Moncla* wasn't a habeas claim; that case was about a new-trial motion, so the appellate court reviewed it for an abuse of discretion. See 269 Kan. at 63. Without factual findings from the trial court, the appellate court couldn't determine whether the trial court had abused its discretion. 269 Kan. at 65. So while the *Moncla* court had to remand the case for factual findings, we needn't do so here because we have to review the matter before us independently, not just for an abuse of discretion. And our review, like the

4

district court's review at this stage, is based on the written K.S.A. 60-1507 motion and the case file, which we are equally able to review.

In *Moll* and *Harris*, the district court held an evidentiary hearing before denying habeas relief. See *Moll*, 41 Kan. App. 2d at 682; *Harris*, 31 Kan. App. 2d at 238. When the district court has heard evidence, of course, its factual findings based on that evidence are critical, and a key part of our review on appeal is whether those factual findings are supported by substantial evidence. *E.g.*, *Moll*, 41 Kan. App. 2d at 685. But in Burden's case, the district court didn't hold a hearing at all, let alone an evidentiary one, so our standard of review is independent and unlimited—in other words, because we will not defer to the district court's conclusions, we need not actually know what those conclusions were.

So we are not required to send the case back to the district court. *Gant*, 2015 WL 5312016, at *2; see *Robertson v. State*, 288 Kan. 217, 232-33, 201 P.3d 691 (2009). Doing so would obviously prolong this case, so we decline that option in the interest of judicial economy. See *Harris*, 31 Kan. App. 2d at 239-40 ("[R]emand is an inefficient remedy for this recurring problem."). Instead, we have reviewed the motion and case file ourselves; based on that review, we conclude that Burden hasn't presented a viable claim for habeas relief because his motion is both successive and untimely—and either of those problems would prevent a court from granting his motion.

First, a defendant doesn't have a right to file more than one habeas motion for similar relief; K.S.A. 60-1507(c) provides that the district court can dismiss a second or successive motion unless *exceptional circumstances* justify considering it. See *State v. Trotter*, 296 Kan. 898, 899, 904, 295 P.3d 1039 (2013). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." 296 Kan. 898, Syl. ¶ 2. Generally, exceptional circumstances are

unusual events or intervening changes in the law that prevent a defendant from having been reasonably able to raise all of the claimed errors in the first (or second) habeas proceeding. *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013); *Wimbley v. State*, 292 Kan. 796, Syl. ¶ 1, 275 P.3d 35 (2010).

Here, Burden has already filed two habeas motions claiming that his trial counsel was ineffective; neither succeeded. *Burden*, 2006 WL 2716073; *Burden*, 2011 WL 1196924. He raises similar claims in this, his third motion, arguing that his trial counsel failed to adequately prepare for trial, failed to investigate a voluntary-intoxication defense, failed to adequately prepare a defense to kidnapping, failed to object to jury instructions, and failed to impeach a witness (or call into question her credibility).

Neither Burden's current habeas motion nor his brief on appeal points out any unusual events or intervening changes in the law that prevented him from reasonably being able to raise all of these claimed errors in his first or second habeas proceedings. Nor does the case file suggest any exceptional circumstances. Because Burden's third K.S.A. 60-1507 motion is successive and he hasn't shown any exceptional circumstances, the district court correctly denied his motion.

Second, there's a statutory time deadline for seeking habeas relief. A defendant must file the motion for habeas relief under K.S.A. 60-1507 no more than 1 year after the end of the defendant's initial direct appeal. K.S.A. 60-1507(f)(1). The district court may extend this 1-year time limit only to prevent a *manifest injustice*. K.S.A. 60-1507(f)(2). Manifest injustice must be determined from the circumstances, considering, among other factors: (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the habeas motion within the allotted time; (2) whether the merits of the movant's claims raise substantial issues of law or fact that deserve the district court's consideration; and (3) whether the movant has set forth a colorable claim

6

of actual innocence—that is, factual, not legal, innocence. *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

Here, Burden filed his motion in October 2014, over 11 years after his direct appeal was finally decided in June 2003. Thus, the motion was well beyond the 1-year limit, and the district court could hear Burden's motion only to prevent a manifest injustice. Burden's motion claims it would be manifestly unjust to deny it but doesn't explain what actual injustice would result. Likewise, his brief on appeal notes that he argued manifest injustice in his habeas motion, but the brief doesn't add any further detail or argument.

Beginning with the factors set out by our Supreme Court in *Vontress*, we note that Burden hasn't provided any reasons or circumstances that prevented him from filing his motion within the time limit, nor does he explain why he didn't bring these claims—which he would have known about—in his first K.S.A. 60-1507 motion. Next, Burden doesn't make any claims of actual innocence. So do any of Burden's claims of ineffective assistance of counsel raise substantial issues of law or fact that deserve the district court's attention? As we explain below, no.

To demonstrate that his counsel was ineffective, Burden would have to show both that his trial counsel's performance fell below an objective standard of reasonableness and that he suffered material legal prejudice as a result, meaning there's a reasonable probability that the outcome would have been different had his counsel acted differently. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see *Chamberlain v. State*, 236 Kan. 650, Syl. ¶¶ 3-4, 694 P.2d 468 (1985) (adopting and stating *Strickland* test for ineffective assistance).

Burden first claims on appeal that his counsel didn't adequately prepare a defense to the kidnapping charge, but Burden's motion in fact argues simply that the evidence

wasn't sufficient to support the kidnapping charge. Challenges to the sufficiency of the evidence must be brought on direct appeal—and Burden in fact made that claim in his direct appeal (ultimately without success). Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 271); see *Burden*, 275 Kan. at 936, 944-45. Second, Burden says his counsel should have objected to the jury instructions on kidnapping, but Burden concedes that the instructions were correct under Kansas law, so his counsel wasn't ineffective in failing to object. Third, Burden argues that his counsel should have presented a voluntary-intoxication defense. There was evidence at trial that Burden had been intoxicated when he committed these crimes, but trial strategy—such as which defenses to pursue—is well within trial counsel's discretion. We generally won't second-guess strategic decisions like this one just because, in hindsight, a different strategy may have worked better. See *Strickland*, 466 U.S. at 689-90; *Holmes v. State*, 292 Kan. 271, 275, 252 P.3d 573 (2011) (review of trial counsel's performance should be deferential and not influenced by counsel's lack of success despite his or her competence). Fourth, Burden argues that his counsel should have impeached the victim witness by bringing up her prior inconsistent statements, but this argument makes no sense. Three days after the event, the victim told the police what happened to her during a videotaped interview that was played for the jury; she then told a totally different story at trial. *Burden*, 275 Kan. at 935-36. So the jury knew the witness had told two stories: there was little to gain from impeaching the victim with prior inconsistent statements that the jury had already heard. Doing so would simply have given her a chance to explain why the versions were different, and Burden's attorney may have strategically chosen not to give her that opportunity. Fifth, Burden says that his trial attorney spent less than 2 1/2 hours with him before trial—which may be true—and that this amounted to a lack of preparation. But trial preparation involves more than just interviewing the defendant, so we probably cannot say that this limited amount of interview time means that Burden's counsel failed to prepare adequately for trial.

In summary, none of Burden's claims raise substantial issues of law or fact that deserve the district court's attention. Burden doesn't claim actual innocence and provides no explanation for why he didn't bring these claims in his first K.S.A. 60-1507 motion. We recognize that the *Vontress* factors are nonexclusive, but we nonetheless conclude that Burden hasn't shown that a manifest injustice will result from refusing to hear his claims.

Burden argues that the State waived its claims that his motion is successive and untimely because it did not raise them in a response to his motion. Despite Burden's attempt to analogize successiveness and timeliness to traditional affirmative defenses that a party must raise in a responsive pleading or risk waiving, neither successiveness nor timeliness in a K.S.A. 60-1507 motion is an affirmative defense. See, *e.g.*, *Church of God in Christ, Inc. v. Board of Trustees*, 47 Kan. App. 2d 674, 685, 280 P.3d 795 (2012) (affirmative defense not asserted in an answer is waived). Instead, they are statutory grounds upon which a district court can summarily deny a habeas motion based on review of the motion and the case file. See K.S.A. 60-1507(c); K.S.A. 60-1507(f)(1). And since the district court can summarily deny a K.S.A. 60-1507 motion based only on the motion and the case file (*without* a response from the State), it necessarily follows that the State is not required to file a response to a K.S.A. 60-1507 motion. See *Sola-Morales*, 300 Kan. at 881; *Pabst v. State*, 287 Kan. 1, 24, 192 P.3d 630 (2008) (citing *Tipton v. State*, 194 Kan. 705, 711, 402 P.2d 310 [1965]). Under the statute, the State isn't required to file a response to a K.S.A. 60-1507 motion; accordingly it cannot "waive" any "affirmative defenses" by not filing a response.

Next, Burden attempts to characterize this K.S.A. 60-1507 motion as an amendment to his first K.S.A. 60-1507 motion, implicitly arguing that this motion is not successive and that the claims it makes aren't time-barred because the motion "relate[s] back" to his first motion. Movants filing K.S.A. 60-1507 motions have no *right* to amend their original motions. *Thompson v. State*, 293 Kan. 704, 714, 270 P.3d 1089 (2011);

9

*Pabst*, 287 Kan. at 22. But movants *can* amend their original motions if the district court, in its discretion, allows them to do so. *Thompson*, 293 Kan. at 714. If the district court allows an amendment, any new claims in the amended motion must meet a separate test for timeliness: the new claims only relate back to the date of the original filing (and therefore are timely) if they arose "out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original pleading." K.S.A. 2015 Supp. 60-215(c)(2); *Thompson*, 293 Kan. at 714.

Here, of course, Burden's original K.S.A. 60-1507 motion was timely; he filed it in June 2004. *Burden*, 2011 WL 1196924, at *1 (noting that first motion was timely under grace period following adoption of 1-year time limit). That motion was fully litigated—the district court summarily denied it, this court affirmed, and the Kansas Supreme Court denied Burden's petition for review. *Burden*, 2006 WL 2716073, at *1. We know of no legal basis that would allow us to characterize the motion in this case—filed in October 2014—as an *amendment* to a motion that was fully and finally decided in December 2006. But even if it were considered on that basis, we assume, based on the district court's denial of Burden's motion, that the district court decided the motion didn't relate back to his first K.S.A. 60-1507 motion, which had been fully and finally decided nearly 8 years ago. (We cannot know that for sure, of course, since the district court didn't comply with Rule 183[j].) We would have no problem affirming a ruling that the 2014 filing did not relate back to the habeas motion Burden originally filed in 2004. See *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, 327, 913 P.2d 119 (1996) ("A district court is given broad discretionary power under [K.S.A.] 60-215 to permit the amendment of pleadings.").

Even if the district court had in fact accepted Burden's motion as an amendment to his original K.S.A. 60-1507 motion, it would still have been correct to deny it because Burden's claims still would not be timely—they do not arise "out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original pleading."

10

K.S.A. 2015 Supp. 60-215(c)(2). Both motions argue that Burden's counsel was ineffective, but not all ineffectiveness claims are automatically part of the same transaction or occurrence. See *Pabst*, 287 Kan. at 25. Burden's original K.S.A. 60-1507 motion claimed that his trial counsel had been ineffective for failing to challenge two jurors, failing to object to evidence of prior domestic violence between Burden and the victim, and failing to accurately object to a criminal-threat jury instruction. Burden's K.S.A. 60-1507 motion in this case claims that his trial counsel was ineffective because he failed to adequately investigate and prepare for trial (primarily related to a voluntary-intoxication defense and a defense to kidnapping), failed to object to jury instructions on kidnapping, and failed to impeach a witness. Burden's brief on appeal argues that counsel's lack of investigation and preparation connects this motion to his first motion, but we disagree. Motions under K.S.A. 60-1507 require specificity, and we generally presume that a movant has listed *all* available grounds for relief in such a motion. *Pabst*, 287 Kan. at 25. Burden's claims in this motion do not arise from the same transaction or occurrence as his original motion—he simply claims different types of ineffectiveness this time around.

Last, we note that Burden cites a recent unpublished case from a panel of this court to support his argument for remanding this case for failure to comply with Rule 183(j): *McRae v. State*, No. 112,709, 2016 WL 299073 (Kan. App. 2016) (unpublished opinion). *McRae* and our case are basically the same: (1) in both cases, the district court plainly failed to comply with Rule 183(j), requiring this court to guess about the reasons for its ruling; (2) both movants argued on appeal only for an evidentiary hearing, not that their motions should be granted; (3) both movants failed to show or even argue exceptional circumstances that would justify a successive K.S.A. 60-1507 motion; (4) both motions were filed outside the 1-year time limit for K.S.A. 60-1507 motions; and (5) both movants failed to show or even argue manifest injustice that could justify ignoring the time limit. The *McRae* panel noted that in the interest of judicial economy, this court has tended to address these types of cases without remanding them, but the

11

panel chose not to do so in that particular case, concluding that "[t]here [were] too many questions in this case which prevent effective appellate review of [the] motion." 2016 WL 299073, at *3, 6. Put simply, *McRae*—an unpublished case from another panel of this court—doesn't require us to remand this case. Nor does it persuade us to do so. Even though the district court didn't make factual findings and legal conclusions on Burden's motion, we have enough information before us to decide the case. Our job would have been easier if the district court had followed Rule 183(j)—and we trust it will do so in the future—but we have reviewed the K.S.A. 60-1507 motion and the case file, and we find that they conclusively show that Burden isn't entitled to relief: his motion is successive without showing exceptional circumstances, untimely without showing manifest injustice, and does not relate back to his original K.S.A. 60-1507 motion.

We affirm the district court's judgment.