NOT DESIGNATED FOR PUBLICATION

No. 119,955

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MANUEL ALCALA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed June 28, 2019. Affirmed.

*Derek W. Miller*, of Miller & French, LLC, of Liberal, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

PER CURIAM:  Manuel Alcala appeals from the district court's summary denial of his untimely K.S.A. 60-1507 motion, arguing that the district court erred by denying his motion without an evidentiary hearing. Because the district court correctly held that Alcala failed to establish manifest injustice to extend the K.S.A. 2017 Supp. 60-1507(f) time limits, the district court properly summarily denied Alcala's motion. Accordingly, we affirm.

After pleading guilty to the premeditated murder of his estranged wife, the district court sentenced Alcala to life imprisonment without the possibility of parole for 25 years. Alcala appealed the district court's no contact and restitution orders to our Supreme Court

in *State v. Alcala*, 301 Kan. 832, 833, 348 P.3d 570 (2015). Our Supreme Court issued its mandate in *Alcala* on May 19, 2015.

On October 11, 2017, Alcala moved for relief under K.S.A. 2017 Supp. 60-1507. He alleged that his "motion [was] being brought solely due to ineffective assistance of counsel." He listed multiple grounds for relief, including the following allegations:

"(c)     The Defendant's attorney further did not listen to him when he told her that his wife apparently pulled what appeared to be a gun on his brother and friend when they confronted her. The brother's friend panicked and shot the Defendant's wife in the head. After confronting the wife, they returned to the Defendant's house scared and pale looking. The Defendant, his brother and friend came up with a story to pin the murder on him as he was confident he would not be charged as he did not kill his wife and they would have no evidence against him. His attorney did not listen to these facts.

. . . .

"(p)     This motion is brought to prevent manifest injustice due to the above and that it was recently discovered an officer in this case was dishonest and defense counsel failed to disclose that fact as evidenced by the officer."

The State responded that the district court should deny Alcala's motion because he did not move for relief within one year of the Kansas Supreme Court issuing its mandate as required under K.S.A 2017 Supp. 60-1507(f), nor did he provide compelling manifest injustice arguments to extend the one-year time limitation. Moreover, the State asserted that Alcala did not make a colorable claim of actual innocence based on new evidence.

The district court agreed with the State. The district court first found that Alcala's motion was untimely because he filed it almost two years and five months after the Supreme Court issued its mandate. Next, the district court found that the "statutory exception for manifest injustice [did] not apply to [Alcala's] motion." The district court explained its reasoning as follows:

2

"When analyzed in light of the Legislature's amendments to the habeas corpus statutes, the Petitioner's untimely request for relief does not fall into either of the 'manifest injustice' categories allowed under K.S.A. 60-1507(f)(2)(A). The Petitioner has not asserted a claim of actual innocence. Furthermore, the closest reason stated for not filing within the one-year time period is a vague statement that, 'This Motion is brought to prevent manifest injustice due to the above [reasons for claiming ineffective assistance of counsel] and that it was recently discovered an officer in this case was dishonest and defense counsel failed to disclose that fact as evidenced by the officer.' If liberally construed, this statement appears to be inviting the Court to infer that a previous lack of knowledge surrounding a police officer's dishonesty may have been the reason this Motion was filed nearly a year and a half past the filing deadline. However, the allegation includes no specific facts regarding the officer's dishonesty, when the dishonesty was discovered, how that dishonesty affects the Petitioner's case, or whether that dishonesty is even related to the Petitioner's case. Despite listing fifteen other grounds for habeas corpus relief, this vague statement is the only mention of officer dishonesty, and the statement is unclear as to whether this is even the reason for failure to file in the appropriate time period."

Alcala timely appealed the summary denial of his K.S.A. 60-1507 motion.

When a district court summarily denies a K.S.A. 60-1507 motion, we conduct de novo review to determine whether the motion was entitled to an evidentiary hearing based on the motion, files, and record of the case. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

On appeal, Alcala concedes that he moved for relief under K.S.A. 2017 Supp. 60-1507 outside of the time limits under subsection (f)(1)(A), which states: "Any action under this section must be brought within one year of: [] The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." Alcala also concedes that the Legislature's 2016 amendments about what constitutes manifest injustice under K.S.A. 60-1507 to extend the one-year time limitation under (f)(1)(A) apply to him. L. 2016, ch. 58, § 2. The provisions of K.S.A. 2017 Supp. 60-1507(f) concerning manifest injustice state:

"(2) The time limitation herein may be extended by the court only to prevent a manifest injustice.

(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence.

(B) If the court makes a manifest-injustice finding, it must state the factual and legal basis for such finding in writing with service to the parties."

Alcala argues that the district court erred in making its manifest injustice findings in two ways. First, he argues that despite the district court's finding that he had "not asserted a claim of actual innocence," when he referenced his brother's friend panicking and shooting his wife in the head, that was a claim of actual innocence since he alleged another person killed his wife. Nevertheless, this argument is unpersuasive for a few reasons.

To begin with, as the State notes in its brief, Alcala never explicitly alleged actual innocence below. Instead, he alleged he was entitled to relief based on ineffective assistance of counsel. Next, under K.S.A. 2017 Supp. 60-1507(f)(2)(A), to establish manifest injustice through actual innocence, Alcala must "show it is more likely than not that no reasonable juror would have convicted the prisoner *in light of new evidence*." (Emphasis added.) But according to Alcala, he was involved in the coverup of his wife's murder. Again, in his K.S.A. 60-1507 motion, Alcala alleged that "[he], his brother and friend came up with a story to pin the murder on him as he was confident he would not be charged as he did not kill his wife and they would have no evidence against him." As a result, Alcala's contention that he was actually innocent because his brother's friend shot his wife was not "new evidence" as meant under K.S.A. 2017 Supp. 60-1507(f)(2)(A) because Alcala knew of this information from the start. Last, even disregarding the preceding problems, Alcala has never argued that no reasonable juror would convict him

based on his assertion that his brother's friend shot his wife. Because Alcala has the burden to establish that it is more likely than not a reasonable juror would find him not guilty in light of the new evidence, Alcala's failure to make this argument is fatal. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding that an issue not briefed is abandoned.)

Alcala's second argument is as unpersuasive as his first. Alcala contends that he established manifest injustice because "[o]bviously, the officer[']s alleged dishonesty is related to [his] case or it would not be included in [his] petition and he specifically related the recently discovered dishonesty in this case." But in his K.S.A. 60-1507 motion, Alcala simply asserted that he recently discovered that "an officer in this case was dishonest and defense counsel failed to disclose that fact as evidenced by the officer." Thus, contrary to Alcala's contention, it is not obvious that the officer's dishonesty is related to this case. And we require movants to make more than conclusory allegations without an evidentiary basis to be entitled to relief under K.S.A. 60-1507. *Gilkey v. State*, 31 Kan. App. 2d 84, 87, 60 P.3d 347 (2003). In short, because Alcala's arguments about the officer who was allegedly dishonest are conclusory, Alcala cannot establish manifest injustice under K.S.A. 2017 Supp. 60-1507(f)(2).

For the preceding reasons, we affirm the district court's summary denial of Alcala's K.S.A. 60-1507 motion.

Affirmed.