NOT DESIGNATED FOR PUBLICATION

No. 123,174

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MURAD RAZZAQ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed August 27, 2021. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL and HURST, JJ.

POWELL, J.:  The district court summarily denied Murad Razzaq's pro se K.S.A. 60-1507 motion without a hearing, concluding that Razzaq's conclusory allegations provided insufficient information to determine whether he was entitled to a hearing. Razzaq now appeals, arguing he is entitled to an evidentiary hearing as the district court's brief order failed to contain the required findings. While the district court's order is concise, it is sufficient for appellate review, and our review of the record shows Razzaq is not entitled to relief. Thus, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts of Razzaq's conviction is unnecessary for this appeal. A jury convicted Razzaq of aggravated indecent liberties with a child in December 2014, and the district court sentenced him to 176 months' imprisonment. His conviction and sentence were affirmed both by a panel of this court and by the Kansas Supreme Court. See *State v. Razzaq*, 309 Kan. 544, 546, 552, 439 P.3d 903 (2019).

Razzaq filed a pro se K.S.A. 60-1507 motion on June 3, 2020, arguing due process and speedy trial violations, insufficiency of the evidence, and malicious and vindictive prosecution. Razzaq also alleged all his attorneys were ineffective.

The district court summarily denied Razzaq's motion without a hearing, finding Razzaq's claims were conclusory and provided insufficient information to determine whether Razzaq was entitled to a hearing.

Razzaq timely appeals.

## DID THE DISTRICT COURT ERR IN DENYING RAZZAQ'S K.S.A. 60-1507 MOTION WITHOUT AN EVIDENTIARY HEARING?

Razzaq argues the district court's summary denial of his K.S.A. 60-1507 motion failed to make explicit findings of fact and conclusions of law on each issue he raised. Razzaq asks us to remand his case for the district court to comply with Kansas Supreme Court Rule 183(j) (2021 Kan. S. Ct. R. 239). The State counters that the district court made the reasons for its ruling "abundantly clear":  Razzaq's claims were conclusory and he failed to provide the district court with sufficient information to determine if he was entitled to an evidentiary hearing.

2

*Standard of Review*

When a district court summarily denies a K.S.A. 60-1507 motion, we review de novo whether the motion, files, and records of the case conclusively show the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Likewise, whether a district court complied with Rule 183(j) is a legal question subject to de novo review. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

*Analysis*

When a prisoner challenges his or her sentence under K.S.A. 2020 Supp. 60-1507, the district court shall hold an evidentiary hearing on the motion's allegations "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 2020 Supp. 60-1507(b). A movant bears the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing. In particular, the movant must make more than conclusory allegations and must state an evidentiary basis in support of the allegations or such a basis must appear in the record. Once this burden is satisfied, the district court must grant a hearing unless the motion is successive and seeks similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). In deciding whether an evidentiary hearing must be held, the district court generally must accept the motion's factual allegations as true, but the factual allegations must be specific and not mere conclusions. *Skaggs v. State*, 59 Kan. App. 2d 121, 130-31, 479 P.3d 499 (2020), *rev. denied* 313 Kan. ___ (April 23, 2021).

Razzaq argues the district court's order denying his K.S.A. 60-1507 motion did not comply with Rule 183(j), which requires a district court to make explicit findings of facts and conclusions of law on all issues in the 60-1507 motion. See Rule 183(j); *Haddock v. State*, 282 Kan. 475, 506, 146 P.3d 187 (2006). "Boilerplate journal entries" that merely state the motion, files, and records of the case conclusively show a movant is not entitled

to relief and a hearing is not required without making specific findings of facts and conclusions of law on each issue raised do not comply with Rule 183(j). *Stewart v. State*, 30 Kan. App. 2d 380, 382, 42 P.3d 205 (2002). The key issue in deciding if a district court's order violates Rule 183(j) is whether it impedes appellate review. *Sherwood v. State*, 310 Kan. 93, 98-99, 444 P.3d 966 (2019).

Razzaq raised four issues in his pro se K.S.A. 60-1507 motion: (1) due process and speedy trial violations; (2) insufficient evidence; (3) malicious and vindictive prosecution; and (4) ineffective assistance of counsel. The district court's order was concise:

> "The files and records of the case conclusively show that the movant is entitled to no relief. See K.S.A. 60-1507(b). Movant is not entitled to a hearing.
>
> "Movant's conclusory claims fail to provide the court with sufficient information to determine whether he is entitled to a hearing on the motion. 'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record. *Trotter v. State*, 288 Kan. 112, 131-132 (2009) (quoting *Swenson v. State*, 284 Kan. 931, 938 [2007]). Movant fails to prove his motion warrants an evidentiary hearing."

The district court briefly addressed one of Razzaq's issues, finding it could not determine whether his speedy trial claim was different from the one raised in his direct appeal.

Admittedly, the district court's order appears to be bare bones as it made no analysis or any mention of Razzaq's specific claims other than his speedy trial claim.

But Razzaq's request ignores our standard of review. When the district court summarily denies a motion, we can conduct an independent, de novo review of the

4

motion and case records to determine whether they conclusively show the movant is not entitled to relief because we have the same access to the record as did the district court. *Sherwood*, 310 Kan. at 99. Here, "'[a]lthough the district court's order was brief, for purposes of appellate review it is clear enough to explain the district court's legal basis for summarily denying [the] motion.'" 310 Kan. at 99.

Razzaq filed his K.S.A. 60-1507 motion pro se. While pro se pleadings are to be liberally construed,

> "a pro se movant still bears the burden to allege facts sufficient to warrant a hearing on the motion, and 'mere conclusions of the defendant or movant are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record.' *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994)." *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018).

Razzaq made four claims in his motion and provided his facts to support each ground. Each claim can be dealt with relatively briefly.

First, Razzaq claims "Due Process & Speedy Trial violations; unnecessary delays before Magistrate, Not being taken to court." To support his claim, he listed as facts: "Speedy trial calendar day[s] were incorrectly Assigned; R.O.A., lack of Records for Continuance hearings, Last Line of Jury Instruction is incorrect & misleading." The Kansas Supreme Court found Razzaq's speedy trial claims in his direct appeal had been properly rejected. *Razzaq*, 309 Kan. at 551-52. Razzaq fails to allege anything to differentiate this claim from the one already raised in his direct appeal, and a 60-1507 motion cannot be used for a second bite at the direct appeal apple. See Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239). He also claims the last line of the jury instruction is incorrect and misleading but fails to state which jury instruction. Razzaq's speedy trial claim is precluded, and his facts are vague, conclusory, and do not point to any support in the record.

5

Second, Razzaq asserts he was held in custody unlawfully because of "Insufficiency of Evidence." To support this, he listed as facts: "Broken Chain of Custody, Search Warrant & Waiver of Search issues, Police Interview transcripts, Brady/Gigleo issues." To start, insufficiency of the evidence should have been raised in his direct appeal but was not, resulting in its waiver. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018); see also Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239) ("Mere trial errors must be corrected by direct appeal."). Additionally, none of the "facts" listed by Razzaq are facts. Instead, they are allegations of Fourth and Fifth Amendment to the United States Constitution violations by the State suited for a suppression hearing, not a K.S.A. 60-1507 motion.

Third, Razzaq alleges "Malicious & Vendictive [*sic*] Prosecution." His facts in support are simply "Court & Jail Records." Razzaq fails to mention in what portion of the record support for his assertion would be found. See *Mundy,* 307 Kan. at 304 (movant required to provide evidentiary basis in record for claims). Thus, he offers no factual basis to support his claim of malicious and vindictive prosecution.

Fourth, Razzaq alleges that all his prior counsel were ineffective. He lists seven attorneys who represented him and claims all lacked due diligence, failed to investigate, failed to perform, took no direction, and ignored all his wishes. He claims one of his attorneys "[c]onspired to sell me out and violate my rights." Again, these claims are conclusory.

To support a claim of ineffective assistance of counsel, the movant must establish that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the movant's defense to the extent that there is a reasonable probability the jury would have reached a different result absent counsel's deficient performance. *Sola-Morales*, 300 Kan. at 882-83. Razzaq fails to state how his attorneys acted with a lack of diligence, what matters they failed to investigate, in what areas they

6

failed to "take direction," and how they ignored his wishes. Nor does Razzaq explain how each of these alleged failures deprived him of a fair trial. We also see no reason why the district court was required to give credence to Razzaq's bare and unsupported allegation that one of his attorneys conspired to "sell out" Razzaq and "violate [his] rights." See *Mundy*, 307 Kan. at 305 ("'naked allegations'" alleging ineffective assistance of counsel did not warrant evidentiary hearing). Thus, we see no support in the record for Razzaq's ineffective assistance of counsel allegations.

Razzaq's K.S.A. 60-1507 motion did not warrant an evidentiary hearing. Razzaq only offers vague allegations and no facts to support any of his claims, and—where his claims could be viable 60-1507 claims at all—no basis can be found in the record. Even liberally construed, Razzaq's motion does not entitle him to an evidentiary hearing.

Affirmed.